# Matter of M-R-M-S-, et al., Respondents

*Decided December 1, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   If a persecutor is targeting members of a certain family as a means of achieving some other ultimate goal unrelated to the protected ground, family membership is incidental or subordinate to that other ultimate goal and therefore not one central reason for the harm. *Matter of L-E-A-*, 27 I&N Dec. 40 (BIA 2017), reaffirmed.

FOR THE RESPONDENT:  Sergio Garcia, Esquire, West Valley City, Utah

FOR THE DEPARTMENT OF HOMELAND SECURITY:  John K. West, Associate Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Deputy Chief Appellate Immigration Judge, CREPPY and PETTY, Appellate Immigration Judges.

MALPHRUS, Deputy Chief Appellate Immigration Judge:

   In a decision dated August 19, 2019, the Immigration Judge denied the respondents' applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A) and 1231(b)(3)(A) (2018).  The respondents appeal from that decision.[1]  The Department of Homeland Security opposes the appeal.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

   The respondents are natives and citizens of Mexico, where they lived together with the lead respondent's grandson.[2]  A criminal cartel forced them

---

[1]  The respondents have not challenged the Immigration Judge's denial of the adult respondents' applications for protection under the regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).  Thus, those applications are not before us.  *See Matter of W-E-R-B-*, 27 I&N Dec. 795, 795 n.1 (BIA 2020).

[2]  The respondents are members of a household.  The three adult respondents filed separate applications for asylum.  The two remaining respondents were minors at the time of the hearing and are derivative beneficiaries on the adult respondents' asylum applications.  *See*

off their land because the cartel wanted the land for its own purpose. The cartel killed the lead respondent's grandson for unknown reasons, although the respondents believe it was related to the cartel's efforts to obtain their land. The cartel also forced other families off of land in the same area.

The respondents applied for asylum and withholding of removal based on their membership in a particular social group consisting of members of their family and perceived members of their household in their hometown. The Immigration Judge denied the respondents' applications because they did not demonstrate a nexus between the claimed harm and their membership in the proposed particular social group.[3] The Immigration Judge found that the cartel was motivated by a desire to control the respondents' land rather than their family membership. On appeal, the respondents argue that the Immigration Judge erred in finding that their membership in the proposed particular social group was not at least one central reason for the harm.[4]

## II. ANALYSIS

To establish eligibility for asylum, an applicant must show that a statutorily protected ground was or will be "at least one central reason" for the claimed harm. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). We review this legal issue de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2023). In assessing an applicant's claim, an Immigration Judge should make clear findings of fact regarding the alleged persecutor's motive or motives. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (emphasizing that the Board's limited fact-finding authority "makes it increasingly important for the Immigration Judge to make clear and complete findings of fact"). Specifically, the Immigration Judge should identify the reason or reasons the alleged persecutor engaged or will engage in the harmful conduct. *See, e.g., Matter of J-B-N- & S-M-*, 24 I&N Dec. 208, 211–14 (BIA 2007) (recognizing that a persecutor may have more than one reason for harming an applicant); *Matter of S-P-*, 21 I&N Dec. 486, 489 (BIA 1996) (same). "A persecutor's

---

INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A). The minor respondents did not file their own applications and are therefore ineligible for withholding of removal. *Matter of A-K-*, 24 I&N Dec. 275, 279 (BIA 2007).

[3] The Immigration Judge also concluded that the respondents' family-based particular social group was not cognizable under the framework outlined in *Matter of L-E-A-*, 27 I&N Dec. 581, 592–96 (A.G. 2019). During the pendency of this appeal, the Attorney General vacated that decision in its entirety. *Matter of L-E-A-*, 28 I&N Dec. 304 (A.G. 2021). In reaching our decision, we have not relied on the Attorney General's vacated decision.

[4] The respondents have not challenged the Immigration Judge's denial of asylum and withholding of removal based on their political opinion and their other proposed particular social groups. We deem those issues waived. *See Matter of W-E-R-B-*, 27 I&N Dec. at 795 n.1.

actual motive is a matter of fact to be determined by the Immigration Judge and reviewed by [the Board] for clear error." *Matter of N-M-*, 25 I&N Dec. 526, 532 (BIA 2011).

If the alleged persecutor was or will be motivated by one or more statutory grounds, the Immigration Judge must determine whether the protected ground was or will be "one central reason" for the harm.[5] INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). A protected ground that is "incidental, tangential, superficial, or subordinate to another reason for harm" does not satisfy this standard.[6] *Matter of J-B-N- & S-M-*, 24 I&N Dec. at 214.

### A. Nexus to Family-Based Particular Social Group

In *Matter of L-E-A-*, we addressed the requirements for establishing eligibility for asylum based on membership in a particular social group composed of family members. *Matter of L-E-A-*, 27 I&N Dec. 40 (BIA 2017), *reversed in part by* 27 I&N Dec. 581 (A.G. 2019), *vacated by* 28 I&N Dec. 304 (A.G. 2021). We considered the claim of a respondent who was threatened by a criminal cartel seeking to sell drugs in his father's store. *Id.* at 41. While recognizing that family ties may meet the requirements for a particular social group, we explained that an applicant's membership in a family-based particular social group does not necessarily mean that any harm threatened or inflicted on the applicant or others in the family is on account of the family membership. *Id.* at 42–45. We concluded that the cartel's desire to sell drugs in the store was one central reason for its actions and that the applicant's membership in his family was, at most, incidental. *Id*. at 46.

---

[5] Some circuits have held that an applicant for withholding of removal under the INA need only establish that a protected ground is "a reason" for the claimed persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); *accord Guzman-Vazquez v. Barr*, 959 F.3d 253, 272–74 (6th Cir. 2020). *But see, e.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021) (applying the "one central reason" standard to withholding); *Gonzalez-Posadas v. Att'y Gen. U.S.*, 781 F.3d 677, 685 n.6 (3d Cir. 2015) (same). While not an issue before us in this case, it is particularly important for Immigration Judges in such jurisdictions to make clear findings on whether family membership is a reason for the claimed persecution, even if it is merely incidental or tangential to some other motive. *See generally Matter of M-F-O-*, 28 I&N Dec. 408, 411 n.5 (BIA 2021) (identifying which circuits have adopted the "one central reason" standard and which have adopted a lesser standard).

[6] Although the United States Court of Appeals for the Third Circuit generally agrees with the Board's interpretation of the "one central reason" standard, it has rejected the requirement that a protected ground not be subordinate to another reason for harm. *See Ndayshimiye v. Att'y Gen. of U.S.*, 557 F.3d 124, 130–31 (3d Cir. 2009).

To be successful in an asylum claim based on family membership, an applicant must demonstrate that the persecutor's motive for the harm is a desire to overcome the protected characteristic of the family or otherwise based on animus against the family. *See id.* at 44–45; *see also Orellana-Recinos v. Garland*, 993 F.3d 851, 858 (10th Cir. 2021) (affirming the denial of asylum because it was "reasonable to find that the gang members had no animus against [the] family per se"). While not necessary to succeed on a family-based claim, one possible way for an applicant to establish that family status is one central reason for the claimed harm is by showing it is connected to another protected ground—such as political opinion—that is intertwined with or underlies the dispute. *Id.* at 45; *see Ayele v. Holder*, 564 F.3d 862, 869–72 (7th Cir. 2009) (remanding where the Immigration Judge did not consider an applicant's asylum claim based on her membership in her politically-active family); *Vumi v. Gonzales*, 502 F.3d 150, 151–52, 154–55 (2d Cir. 2007) (remanding where the Immigration Judge did not address the applicant's asylum claim based on her familial relationship to her husband, who was suspected of political assassination). Family status may be more likely to be one central reason in such circumstances.

Another instance in which family membership may be one central reason for harm is where a persecutor's animus directed against one family member is intertwined with mistreatment of another family member. In such cases, it may be "impossible to disentangle" the treatment of the applicant from the persecutors' grievance against the other family member. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1158 (11th Cir. 2019).

In contrast, courts have regularly rejected family-based claims of persecution by gangs, cartels, and other criminal organizations when the family ties are, at most, incidental or tangential to more commonplace goals, including financial gain and furthering, or preventing interference in, a criminal enterprise. *See, e.g.*, *Turcios-Flores v. Garland*, 67 F.4th 347, 357 (6th Cir. 2023); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022); *Guevara-Fabian v. Garland*, 51 F.4th 647, 648 (5th Cir. 2022) (per curiam); *Vazquez-Guerra*, 7 F.4th 265, 269–70 (5th Cir. 2021); *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286–88 (11th Cir. 2021); *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 685–86 (7th Cir. 2021); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1118–19 (8th Cir. 2020); *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1037–38 (6th Cir. 2019); *Cambara-Cambara v. Lynch*, 837 F.3d 822, 826 (8th Cir. 2016).

In *Orellana-Recinos*, the United States Court of Appeals for the Tenth Circuit, in whose jurisdiction these proceedings arise, addressed a claim that gang members were persecuting members of a family. In that case, the applicant claimed persecution on account of her membership in her son's

immediate family because gang members threatened to harm the applicant and her son if her son refused to sell drugs. *Orellana-Recinos*, 993 F.3d at 853–54.

The Tenth Circuit concluded that substantial evidence supported the Immigration Judge's determination that resistance to her son's recruitment was one central reason for the gang's threat to harm the applicant but her membership in his immediate family was not. *Id*. at 858. The court concluded that because the threats against her were contingent on her son's refusal to work for the gang, "it would be reasonable to find that the gang members had no animus against [the] family per se." *Id*. The court observed that the gang members "would have the same attitude against anyone—teacher, good friend, employer—who they thought could influence" the applicant's son. *Id.* That the gang did not threaten the applicant's daughter further supported the Immigration Judge's finding that the gang's motive was not hostility toward the family. *Id.*

The Tenth Circuit's conclusion contrasts with the Fourth Circuit's approach to family-based claims. In *Hernandez-Avalos v. Lynch*, 784 F.3d 944, 947, 949 (4th Cir. 2015), an applicant sought asylum based on membership in a particular social group of her nuclear family after gang members repeatedly threatened to kill her if she did not allow her son to join their gang. The Immigration Judge denied her application, and the Board affirmed, finding that the gang's motive was to recruit the son and not animus toward the family. The Fourth Circuit reversed, concluding that the applicant's relationship to her son is why she, and not another person, was targeted. *Id*. at 949–50.

The Tenth Circuit does not agree with the Fourth Circuit's approach. In *Orellana-Recinos*, 993 F.3d at 858, the Tenth Circuit held that "[t]o the extent that the Fourth Circuit's opinion [in *Hernandez-Avalos*] holds that a gang's threats to persuade a mother to encourage, or at least allow, a son to join the gang is necessarily persecution on account of the mother's membership in the son's nuclear family, we are unpersuaded." Similarly, the Eleventh Circuit has stated that *Hernandez-Avalos* "expands the nexus inquiry to include family status as a central reason even when it is 'incidental' and 'subordinate to another reason for harm.'" *Sanchez-Castro,* 998 F.3d at 1287 (citation omitted).

In our view, the Tenth Circuit's approach is the proper way to analyze whether membership in a family-based particular social group is one central reason for harm. The question asked under the Fourth Circuit's approach—why an applicant, and not others, is targeted—is relevant in evaluating the reasons for harm, but it is not the end of the analysis. When a persecutor targets multiple members of a single family, their family membership may be a reason for harming them, especially when non-family

members are not similarly targeted. However, the fact that family membership is a reason for harm does not mean that it is necessarily one central reason. *See Matter of J-B-N- & S-M-*, 24 I&N Dec. at 214 (emphasizing that a protected ground cannot play a minor role in the harm); *see also Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[A] motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist. Likewise, a motive is a 'central reason' if that motive, standing alone, would have led the persecutor to harm the applicant.").

If a persecutor is targeting members of a certain family as a means of achieving some other ultimate goal unrelated to the protected ground, family membership is incidental or subordinate to that other ultimate goal and therefore not one central reason for the harm. *See Sanchez-Castro*, 998 F.3d at 1287 ("Where a gang targets a family only as a means to another end, the gang is not acting because of who the family is; the identity of the family is only incidentally relevant."). Likewise, when a persecutor's threats to harm family members are contingent on one or more of the family members acting or failing to act in a certain way—such as failing to comply with demands for money or other property—family membership is unlikely to be one central reason for that harm and instead will be merely a means to another end. *See Matter of L-E-A-*, 27 I&N Dec. at 46–47 (denying a family-based asylum claim where the applicant was targeted because the cartel wanted him to sell drugs from his family's store). Applicants for asylum claiming that gangs or other criminal organizations are targeting them on account of family membership have the burden to establish, through either direct or circumstantial evidence, that their family membership is more than incidental, tangential, superficial, or subordinate to other motives. *See* INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Matter of J-B-N- & S-M-*, 24 I&N Dec. at 214.

## B. Application to Respondents

The Immigration Judge's finding that the cartel was motived by a desire to control the respondents' land rather than their family membership is a permissible view of the evidence and is not clearly erroneous. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2349 (2021) (explaining that a lower court's view of the evidence is not clearly erroneous if it is plausible in light of the entire record); *see also U.S. Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. of Lakeridge*, 583 U.S. 387, 394 (2018) (recognizing the deferential nature of clear error review). Although the cartel forced the respondents and others from the land, the record does not indicate that the cartel held any specific animus against the respondents' family apart from

their occupation of the land. Rather, the Immigration Judge found that the cartel's actions were motivated by a desire to obtain the land for its own criminal purposes. On this record, the Immigration Judge permissibly found that forcing the existing occupants off the land was incidental to the primary objective of obtaining the land itself. The Immigration Judge's motive findings are not clearly erroneous. *See Matter of N-M-*, 25 I&N Dec. at 532.

Although one family member was killed by the cartel and others were threatened, the respondents cannot establish a claim simply by showing that they and some other family members faced similar harm. *Matter of L-E-A-*, 27 I&N Dec. at 45. We reasoned in *Matter of L-E-A-* that "the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim." *Id.* at 45. As the Immigration Judge found, the cartel's threats were contingent on the respondents' refusal to relinquish their land. Moreover, the evidence shows that the cartel levied similar threats against neighboring landowners to obtain their land. *See Sanchez-Castro*, 998 F.3d at 1287–88 (rejecting a family-based persecution claim and noting that the harm identified "is not unique to [the applicant's] particular social group"). As with the neighboring landowners, the respondents' possession of the land was an impediment to the cartel's goal. While the respondents' claim necessarily focuses on their family status, the cartel's actions reflect that its focus—the impetus for its conduct—was the desire to take control of the family's land, not the family itself. *See Elias-Zacarias*, 502 U.S. at 483 (holding that an asylum applicant must establish that the persecutor's actions were motivated by the applicant's protected ground).

We have previously observed that gangs, cartels, and other criminal organizations frequently target wide segments of society to expand their power and operations. *See Matter of M-F-O-*, 28 I&N Dec. at 412; *Matter of M-E-V-G-*, 26 I&N Dec. 227, 250–51 (BIA 2014); *see also Rivera-Barrientos v. Holder*, 666 F.3d 641, 653 (10th Cir. 2012) (stating in the context of a case arising in El Salvador that the evidence indicated that "MS-13 directs harm against any individual where doing so may promote the gang's interests"). A cartel wanting property to advance their criminal purposes and benefit their operations is not substantially different from a situation where a criminal is motivated by the theft of desired goods. Such a situation, however, does not qualify as persecution on account of membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground."); *see also Sanchez-Castro*, 998 F.3d at 1288 ("Evidence that treatment is consistent with general criminal activity does not help…[establish] the nexus requirement.").

The respondents have not met their burden of demonstrating that a protected ground was or would be at least one central reason for the claimed persecution.    Consequently, we affirm the denial of the respondents' applications for asylum and withholding of removal. *See Matter of C-T-L-*, 25 I&N Dec. 341, 348 (BIA 2010) (applying the "one central reason" standard to withholding of removal).  As the lack of nexus is dispositive, we do not address the respondents' remaining appellate arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**ORDER:**  The appeal is dismissed.