# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60281
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2024

Lyle W. Cayce
Clerk

Enna Rosibel Martinez-Sabillon,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 725 115

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Enna Rosibel Martinez-Sabillon, a native and citizen of Honduras, petitions for review of two Board of Immigration Appeals' (BIA) decisions. First, she challenges the BIA's decision on appeal, upholding the denial of asylum, withholding of removal, and protection under the Convention

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Against Torture (CAT). Second, she challenges the BIA's denial of her motion seeking reconsideration of that decision and reopening of her proceedings. (Martinez does not brief, and therefore abandons, any challenge to denial of her CAT claim. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating unbriefed issues as abandoned).)

Our court reviews the BIA's decision and considers the immigration judge's (IJ) decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (explaining standard of review). Findings of fact, including applicant's ineligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

For her 24 May 2023 petition for review, Martinez based her asylum and withholding-of-removal claims on the protected grounds of political opinion and membership in a particular social group (PSG). *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards). The BIA did not reversibly err in finding Martinez' proposed PSG of "Honduran women in a domestic relationship" did not meet the particularity requirement. *See id.* at 407 (rejecting proposed PSG of "Honduran women who are unable to leave their domestic relationships" as insufficiently particularized); *Orellana-Monson*, 685 F.3d at 521–22 (outlining particularity requirement).

Additionally, the evidence does not compel finding Martinez' feminist political opinion was a central reason for her abuse by her former partner. *E.g.*, *Revencu*, 895 F.3d at 401 (explaining substantial evidence standard). The evidence does not compel a contrary conclusion to finding

Martinez' political opinion was at most a superficial reason for the harm and that it primarily resulted from her former partner's personal criminal interest, embarrassment about his finances, and alcohol abuse.

Turning to Martinez' 10 January 2024 second petition, our court reviews the BIA's denial of "a motion to reopen and a motion for reconsideration under a highly deferential abuse-of-discretion standard". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted).  First considered is her motion for reconsideration.

The BIA did not abuse its discretion in refusing to consider a reformulated proposed PSG where it was not required to do so.  *See Jaco*, 24 F.4th at 402 (explaining although the cognizability of a PSG is a legal question, its answer turns on findings of fact).  Further, it did not abuse its discretion in concluding Martinez' contentions regarding the originally proposed PSG and the issue of political opinion did not warrant reconsideration.  *See id.* at 401–02 (affirming holding).  And, Martinez also has not shown that the BIA improperly reviewed the IJ's findings concerning nexus for clear error, rather than *de novo*.  BIA precedent provides "[a] persecutor's actual motive is a matter of fact to be determined by the Immigration Judge and reviewed by the [BIA] for clear error".  *Matter of M-R-M-S-*, 28 I. & N. Dec. 757, 758–59 (BIA 2023) (citation omitted).  The BIA's decision recognized *de novo* review applied to all issues apart from the IJ's findings of fact.

Lastly, the BIA did not abuse its discretion in denying reopening.  Martinez sought reopening to challenge her notice to appear (omission of a hearing date and time), but she could have raised such a challenge earlier and did not.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019) (notice-to-appear objection forfeited when raised for first time in petition for review), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 593 U.S. 155, 161

3

No. 23-60281

(2021); *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (BIA 2022) (affirming similar holding); *Matter of Fernandes*, 28 I. & N. Dec. 605, 610 (2022) (notice-to-appear objection forfeited when raised for first time in motion to reopen).

DENIED.