In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-1956

CRISTIAN AVILA DE LA ROSA,

*Petitioner*,

*v.*

MERRICK B. GARLAND, Attorney General of
the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A209-001-117

_____

ARGUED DECEMBER 9, 2020 — DECIDED JUNE 24, 2021

_____

Before WOOD, BRENNAN, and ST. EVE, *Circuit Judges*.

WOOD, *Circuit Judge*. Cristian Avila de la Rosa received a procedurally defective Notice to Appear for his immigration removal proceedings, and (unlike many others) he made a timely objection to that Notice. The immigration judge, however, disregarded Avila's objection, and the Board of Immigration Appeals thereafter insisted that Avila was not entitled

to relief unless he could demonstrate prejudice from the defective Notice. The Board erred in doing so; we thus grant Avila's petition for review and remand for further proceedings.

**I**

Avila, a Mexican citizen, has lived continuously in the United States since he entered as a minor in 2008. He committed an infraction that led to a disorderly conduct charge in 2019. On May 6, 2019, five days after he pleaded guilty to that charge, he was transferred to the custody of the Department of Homeland Security for removal proceedings.

In order properly to begin removal proceedings, the Department is required to serve a Notice to Appear on the noncitizen. See 8 U.S.C. § 1229(a). The statute specifies the information that the Notice must include. Relevant to our purposes, the Notice must set forth "[t]he time and place at which the proceedings will be held." *Id.* § 1229(a)(1)(G)(i). The Notice that Avila received, however, did not comply with that requirement. Only later did he receive from the immigration court a "Notice of Hearing" with those details.

On June 9, 2019, Avila filed a motion to terminate his proceedings on the ground that the Notice he received was defective. As we noted above, the immigration judge promptly denied that motion and ordered Avila removed to Mexico. Avila then appealed to the Board of Immigration Appeals (BIA). Although the BIA acknowledged that the Notice to Appear was noncompliant, it reasoned that Avila was not entitled to relief because he had not shown that the defects in the Notice prejudiced him in any way, and so it affirmed the order of removal. Avila then filed a petition for review in this court.

**II**

Avila's petition for review presents only a legal question: whether the receipt of a defective Notice, followed by a prompt objection, entitled Avila to have the removal proceedings dismissed, or if he could win dismissal only if he could prove that the flaws in the Notice prejudiced him. Our review of the Board's legal conclusions is *de novo*. *Sobaleva v. Holder*, 760 F.3d 592, 596 (7th Cir. 2014). This is therefore not a case, contrary to the government's assertions, in which the substantial-evidence rule comes into play, as the Board made no factual determinations that would trigger it. *Ahmed v. Ashcroft*, 348 F.3d 611, 615 (7th Cir. 2003).

In setting forth the requirements for a Notice to Appear, the Immigration and Nationality Act uses mandatory language: "written notice … *shall be given* in person to the alien … *specifying the following*." 8 U.S.C. § 1229(a)(1) (emphasis added). We have held that these requirements are not jurisdictional; instead, they are mandatory claims-processing rules for which noncompliance will result in relief upon a timely objection. See *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019). The entitlement to relief, as we explained in *Ortiz-Santiago*, does not depend on a showing of prejudice. Like other mandatory claims-processing rules, those found in section 1229 "[i]f properly invoked … must be enforced, but they may be waived or forfeited." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). *Ortiz-Santiago* applied that concept to defective Notices to Appear, explaining that "[r]elief will be available for those who make timely objections, *as well as* those whose timing is excusable and who can show prejudice." *Ortiz-Santiago*, 924 F.3d at 963 (emphasis added). We built upon this reasoning in *Alvarez-Espino v. Barr*,

959 F.3d 813 (7th Cir. 2020), and denied a petition to review for a person who waited until his appeal to the BIA before making an objection to his noncompliant Notice to Appear, on the ground that he failed to establish prejudice. *Id*. at 819; see also *Vyloha v. Barr*, 929 F.3d 812, 817 (7th Cir. 2019).

There is no dispute that Avila never received a compliant Notice to Appear. His Notice omitted "the time and place at which the proceedings [were to be] held." At the time we heard oral argument in this case, the government endeavored to overcome that problem with the argument that the later "Notice of Hearing" Avila received cured the problem. This court, however, already had suggested that the statute did not permit notice to be accomplished in two or more steps; such an approach, we thought, is inconsistent with the express language in section 1229(a) and the Supreme Court's guidance in *Periera v. Sessions*, 138 S. Ct. 2105, 2116–17 (2018). See *Ortiz-Santiago*, 924 F.3d at 962 (rejecting the government's invitation to approve of this "two-step process").

The Supreme Court recently ratified our position. In *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), it held that section 1229(a) requires a single, complete Notice to Appear. It rejected what it called the government's "notice-by-installment theory," *id.* at 1479, and said that the language of the statute compels a single document with all the required information. The only issue, then, is whether the petitioner must show not only that the Department violated the mandatory claims-processing rule (it concededly did), but also that he was prejudiced by that violation.

Relying on our decision in *Alvarez-Espino*, the Board took the position that only prejudicial violations of the rule will

support relief for the noncitizen. It did so based on an expansive reading of *Alvarez-Espino*, under which a showing of prejudice would be necessary for *all* challenges to the elements of a Notice to Appear. This was mistaken. The prejudice requirement in *Alvarez-Espino* derives squarely from *Ortiz-Santiago*, in which we held that relief will be available *either* (1) upon a timely objection *or* (2) both excusable untimeliness and a showing of prejudice. The petitioner in *Alvarez-Espino* was trying to take advantage of the second approach, because he failed to object to his noncompliant Notice to Appear until his appeal to the BIA. That was far too late for an objection that should have been lodged at the outset of the proceeding, and so the petitioner had to show both an excuse for his untimely objection and prejudice from the delay. Because he had not demonstrated prejudice, we denied his petition for review. We note as well, for what it is worth, that the dissenting Justices in *Niz-Chavez* complained about just this point, noting that the majority's opinion allowed Niz-Chavez to seek cancellation of removal even though he "suffered zero prejudice from receiving notice in two documents rather than one." *Niz-Chavez*, 141 S. Ct. at 1497 (Kavanaugh, J., dissenting). Given the attention the dissent paid to the question of prejudice, we strongly doubt that it eluded the majority.

A noncitizen who raises a timely objection to a noncompliant Notice to Appear, consistent with *Niz-Chavez* and *Ortiz-Santiago*, is entitled to relief without also having to show prejudice from the defect. Section 1229(a) spells out what "shall" be included in the Notice to Appear. Congress created these requirements, and it is not for us or the Department to pick and choose when or how to alter them. As *Niz-Chavez* put it,

"a rational Congress could reach the policy judgment the statutory text suggests it did; and no amount of policy-talk can overcome a plain statutory command." 141 S. Ct. at 1486.

### III

The BIA erred by requiring Avila to show prejudice from his defective Notice to Appear, even though Avila filed a timely objection and thus invoked the benefits of the mandatory claim-processing rules of section 1229. We thus GRANT his petition for review and REMAND his case to the Board for further proceedings.