NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0072n.06

Case No. 21-3613

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 09, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| YEON HWA KIM; TAEYOUNG KIM; SE RYUN KIM, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) ) | |
| MERRICK B. GARLAND, Attorney General, | ) ) | |
| Respondent. | ) ) ) | |

Before: SUTTON, Chief Judge; GIBBONS and GRIFFIN, Circuit Judges.

SUTTON, Chief Judge. Immigration authorities issued the Kim family notices to appear at removal proceedings. While the notices lacked a piece of statutorily required information—the date and time of the hearing—the government provided that information in a later document. The Kims argue that the immigration judge should have rejected the removal request based on the defective notices. But they waited until late in the proceeding to make the argument. Because the defective notices did not deprive the immigration judge of power to hear the case and because the Kims waited too long to object to the missing information, we deny their petition for review.

Se Ryun Kim, a native and citizen of South Korea, came to the United States as a student in 2005. Her parents, Yeon Hwa and Taeyoung, entered the country the next year as visitors with authorization to remain until 2007. The Kims overstayed. In June 2015, immigration authorities

served all three with notices to appear at removal proceedings in Arlington, Virginia, at a date and time "[t]o be set." A.R. 139.

In August 2016, the Kims received hearing notices directing them to appear before an immigration judge on June 7, 2017, at 1:00 p.m. In March 2017, they retained counsel and successfully moved for a change of venue to Memphis, Tennessee. In doing so, they acknowledged proper service of their June 2015 notices to appear, admitted the allegations in the notices, and conceded their removability.

Later that year, the Kims appeared with counsel before an immigration judge in Memphis. The immigration judge sustained the removability charges against them, then continued the case to the following spring to allow the Kims to prepare applications for relief from the removal orders. In March 2018, the Kims appeared with new counsel and moved for another continuance. The immigration judge continued the case until October 2018.

In June 2018, the U.S. Supreme Court held that an initial notice omitting the time and place of removal proceedings does not qualify as a valid "notice to appear" under 8 U.S.C. § 1229(a) and thus cannot be used to determine whether an alien has been present in the country for the ten years required for cancellation-of-removal eligibility. *Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018). The next month, the Kims moved for the first time to terminate their removal proceedings. Because their June 2015 notices lacked the time of their initial hearing, they argued, the notices were invalid under *Pereira* and the immigration judge lacked subject matter jurisdiction over the action. The immigration judge denied the motion.

When the Kims appeared for their next scheduled hearing in October 2018, they declined to pursue relief from removal. The immigration judge ordered them removed to South Korea. The Kims appealed the denial of their motion to terminate to the Board of Immigration Appeals. The

Board dismissed the appeal, reasoning that the defective notices did not deprive the immigration judge of jurisdiction over the proceedings.

The Kims petitioned this court for review of the Board's order.

Congress has tasked immigration judges with conducting "proceedings for deciding the . . . deportability of an alien." 8 U.S.C. § 1229a(a)(1). In doing so, it has provided that "written notice," also referred to as a notice to appear, "shall be given" to an alien subject to such proceedings. *Id.* § 1229(a)(1). Notices to appear must specify the "time and place at which the proceedings will be held." *Id.* § 1229(a)(1)(G)(i).

The Kims' notices lacked some of the required information, as they directed the family to appear on a date and at a time "[t]o be set." A.R. 139. The government thus violated § 1229(a)(1).

At stake is whether this violation requires us to terminate the removal proceedings in the Kims' favor.

The defective notices, as a threshold matter, did not deprive the immigration judge of subject matter jurisdiction. *Pereira* and its sequel, *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), do not affect an immigration judge's power to act. "For jurisdictional purposes," we have explained, "it is not necessary that the Notice to Appear contain all the required information or that all the information be included in a single document." *Ramos Rafael v. Garland*, 15 F.4th 797, 801 (6th Cir. 2021).

Recognizing that a defective notice does not deprive an immigration judge of jurisdiction, the Kims have shifted their argument on appeal. Instead of claiming that a § 1229(a)(1) violation removes subject matter jurisdiction over a removal action, they claim the statute is a mandatory claims-processing rule. They invoke the Seventh Circuit's decision in *De La Rosa v. Garland*,

3

which held that § 1229(a)(1)'s strictures are "mandatory claims-processing rules for which noncompliance will result in relief upon a timely objection." 2 F.4th 685, 687 (7th Cir. 2021).

One potential roadblock for the Kims is that their agency briefing nowhere mentions claims-processing rules and speaks instead to subject matter jurisdiction. "[O]nly claims properly presented to the [Board] and considered on their merits can be reviewed by this court in an immigration appeal." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004); *see also* 8 U.S.C. § 1252(d)(1). Although the government does not object to our review on exhaustion grounds, we have generally treated this requirement as a jurisdictional rule requiring threshold consideration. *See Gazeli v. Session*, 856 F.3d 1101, 1106–07 (6th Cir. 2017); *Saleh v. Barr*, 795 F. App'x 410, 421 (6th Cir. 2019) (Murphy, J., concurring).

Even so, the Kims have exhausted their statutory claim. They have consistently argued that their initial notices were defective under *Pereira* and that the government's statutory violation required termination of their removal proceedings. The Kims' jurisdictional and claims-processing-rule arguments support the same underlying claim, even if framed differently, and we have jurisdiction to review it. *See Xiao Ren Zhuang v. Mukasey*, 304 F. App'x 382, 387 (6th Cir. 2008) ("We do not take the exhaustion requirement to preclude arguments that merely give additional support to claims that were raised before the [Board]."); *Chocoj-Quino v. Att'y Gen. United States*, No. 21-1999, 2022 WL 278374, at *1 n.3 (3d Cir. Jan. 31, 2022) (reviewing a claims-processing-rule argument despite the petitioner's earlier reliance on a jurisdictional argument because he "consistently relied on *Pereira* to argue that violation of § 1229(a) required termination of his removal proceedings").

While the Kims have exhausted this argument, that does not mean it is a winning argument, even if we assume that *De La Rosa*'s framework applies. Section 1229(a)(1) aims "to ensure that

noncitizens appear for proceedings by requiring that the noncitizen be informed of the time and place of the hearing." *Chavez-Chilel v. Att'y Gen. United States*, 20 F.4th 138, 143 (3d Cir. 2021). It works like a claims-processing rule by "promot[ing] the orderly progress of litigation." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). But such rules bind courts "only when properly asserted and not forfeited." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). *De La Rosa* itself noted that a petitioner should lodge objections to a defective notice "at the outset of the proceeding." 2 F.4th at 688. A "problem in the charging document" should be "pointed out promptly, so that any error c[an] be fixed." *Chen v. Barr*, 960 F.3d 448, 451 (7th Cir. 2020).

The Kims did not object to their defective notices to appear until more than three years after receiving them. By that time, they had conceded proper service of the notices and admitted the charges against them. And an immigration judge had found them removable. Because the Kims did not object to the defective notices "at the outset of the proceeding," they must show prejudice to secure relief. *De La Rosa*, 2 F.4th at 687–88; *see Chavez-Chilel*, 20 F.4th at 144 n.7.

The Kims have not pointed to any way in which the government's statutory violation prejudiced them. In the three years between receiving the initial notices and objecting to the notices' contents, the Board noted, the Kims "received their hearing notices" with the missing information included. A.R. 4. They secured counsel and successfully moved to change venue. And they "attended their scheduled hearings," securing a continuance on each occasion. *Id.* at 3–4. The defects in their initial notices in no way hampered the Kims' ability to secure counsel or participate fully in their removal proceedings—all confirmed by the many years during which no removal occurred. *See Chavez-Chilel*, 20 F.4th at 144; *see also Gomez-Chavez v. Barr*, 791 F. App'x 573, 582 (6th Cir. 2019); *Flores v. Garland*, 861 F. App'x 688, 692 (9th Cir. 2021).

5

Under these circumstances, the Board properly denied the Kims' motion to terminate the proceedings even though their initial notices lacked a date and time to appear.

We deny the petition for review.