**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2818
_____

MACEDONIO SOLANO-MARTINEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-495-495)
Immigration Judge: Alice Song Hartye
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2022
Before: MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: May 11, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Macedonio Solano-Martinez, proceeding pro se, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons stated below, we will deny the petition.

I.

Solano-Martinez is a citizen of Mexico who entered the United States in 2000 without being admitted or paroled. In May 2013, the Department of Homeland Security charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and served him with a notice to appear that did not include a date or time to appear in immigration court. Shortly thereafter, Solano-Martinez was served with a notice of hearing specifying the date and time he was to appear, and he subsequently appeared before an Immigration Judge ("IJ") in New Jersey. Solano-Martinez applied for cancellation of removal and voluntary departure. Following a hearing in 2019, the venue for Solano-Martinez's proceedings was transferred to York, Pennsylvania, and an IJ in York ultimately denied Solano-Martinez's applications for relief and ordered him removed to Mexico.

Solano-Martinez appealed to the BIA, arguing for the first time that the IJ lacked jurisdiction to decide his removability because his notice to appear did not include a hearing date and time, and that the IJ erred in denying relief on the merits. The BIA dismissed the appeal, and Solano-Martinez filed a timely petition for review.

II.

We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a)(1). Because Solano-Martinez's challenge to the IJ's jurisdiction is a purely legal one, our review is plenary. See Nkomo v. Att'y Gen., 930 F.3d 129, 132 (3d Cir. 2019).

2

III.

Solano-Martinez's only argument in this Court is that the IJ lacked jurisdiction over his case because the notice to appear omitted the date and time of his hearing before the immigration court. Solano-Martinez relies on the Supreme Court's decisions in Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), and Pereira v. Sessions, 138 S. Ct. 2105 (2018), but those decisions pertained to whether a notice to appear that omits the date and time of a hearing is sufficient to trigger the stop-time rule for purposes of the continuous physical presence requirement for cancellation of removal under 8 U.S.C. § 1229b. See Niz-Chavez, 141 S. Ct. at 1479; Pereira, 138 S. Ct. at 2110.[1] We have made clear that a notice to appear that omits the date and time of a hearing does not undermine an IJ's authority to adjudicate. See Chavez-Chilel v. Att'y Gen., 20 F.4th 138, 142 (3d Cir. 2021); Nkomo, 930 F.3d at 134.[2] Rather, 8 U.S.C. § 1229, which sets forth the type of notice that must be provided, "is akin to a claims-processing rule," and the omission of the date and time from a notice to appear can be harmless where it does not impede a non-citizen's "opportunity to contest the charge against [him], present evidence, and receive . . . relief." Chavez-Chilel, 20 F.4th at 143-44. As the Government points out, Solano-Martinez ultimately received notice of his hearing date and time, appeared for the hearing, and presented evidence in support of his applications for relief. Solano-

---

[1] The stop-time rule is not at issue in this case.

[2] Contrary to Solano-Martinez's argument, the Seventh Circuit did not hold otherwise in De La Rosa v. Garland, 2 F.4th 685 (7th Cir. 2021). See Chavez-Chilel, 20 F.4th at 144 n.7. Even if it did, Chavez-Chilel is the controlling precedent in this Circuit.

3

Martinez's challenge to the IJ's jurisdiction thus lacks merit, and we will accordingly deny the petition for review.