# Matter of Elvira LARIOS-GUTIERREZ DE PABLO and Juan PABLO-LARIOS, Respondents

*Decided November 19, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Board's holding in *Matter of Fernandes*, 28 I&N Dec. 605, 610–11 (BIA 2022), that an objection to a noncompliant notice to appear will generally be considered timely if raised prior to the close of pleadings is not a change in law, and thus *Matter of Fernandes* applies retroactively.

FOR THE RESPONDENTS:  Paul Shonk, Esquire, Fairfield, Ohio

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Norman J. Schroth, Office of Chief Counsel

BEFORE:  Board Panel:  WETMORE, Chief Appellate Immigration Judge; MALPHRUS, Deputy Chief Appellate Immigration Judge; BAIRD, Appellate Immigration Judge.

MALPHRUS, Deputy Chief Appellate Immigration Judge:

In a decision dated October 24, 2022, the Immigration Judge granted the respondents' motion to terminate their removal proceedings based on a noncompliant notice to appear.  The Department of Homeland Security ("DHS") has appealed, arguing that the Immigration Judge erred in not applying *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022).  The appeal will be sustained, and the record will be remanded.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondents,[1] natives and citizens of Guatemala, were served with notices to appear by DHS on December 17, 2016.  The notices to appear did not include the place, date, and time of their initial hearing before the Immigration Judge.  The Cleveland Immigration Court issued hearing notices, setting the initial hearing for August 2, 2017, at 1 p.m.  At the initial hearing, the respondents appeared with counsel, conceded service of the notices to appear, admitted to the factual allegations, and conceded their removability as charged.  They did not object to the sufficiency of their notices to appear.  The Immigration Judge sustained the charge of

---

[1]  The respondents are an adult female, who is the lead respondent, and her minor child.

removability and continued the proceedings for the respondents to file applications for relief from removal, which they did on December 18, 2017.

On October 11, 2022, nearly 6 years after receiving their notices to appear, and more than 5 years after conceding proper service and pleading to the charges, the respondents filed a motion to terminate these proceedings. They argued that termination was warranted because their notices to appear did not contain the date and time for their initial hearing, as required by section 239(a)(1)(G)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(1)(G)(i) (2018).[2]   They acknowledged our holding in *Matter of Fernandes*, 28 I&N Dec. at 609, regarding the timeliness of objections to noncompliant notices to appear but argued that they had not forfeited the enforcement of the claim-processing rule because the rule did not exist at the time of their pleadings.  DHS opposed the motion.

The Immigration Judge found that DHS had violated a claim-processing rule, namely, section 239(a)(1)(G) of the INA, 8 U.S.C. § 1229(a)(1)(G).  He further determined that our holding in *Matter of Fernandes* regarding the timeliness of an objection to a noncompliant notice to appear could not be applied retroactively.  He concluded that the respondents' objection to their noncompliant notices to appear was timely because it was made shortly after the Supreme Court of the United States' decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which he found constituted a change in law.  He then terminated these proceedings.

## II. DISCUSSION

### A. Legal Background

Section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), provides that a "written notice" in the form of "a 'notice to appear'[] shall be given . . . to the alien" in removal proceedings, specifying, among other things, "[t]he time and place at which the proceedings will be held."  In *Pereira v. Sessions*, 585 U.S. 198, 208–09 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155, 160–61, the Supreme Court held that a notice to appear that does not comply with this requirement would not trigger the so-called "stop-time" rule under section 240A(d)(1)(A) of the INA, 8 U.S.C. § 1229b(d)(1)(A) (2018).  In both cases, the Supreme Court relied on what it determined was the plain statutory language of sections 239(a) and 240A(d)(1)(A) of the INA, 8 U.S.C. §§ 1229(a), 1229b(d)(1)(A), language which had been in the statute

---

[2]   Section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), requires that a notice to appear specify the "*time* and place at which the proceedings will be held." (Emphasis added.)  We construe "time" as including the date of the hearing, and we will use "date and time" interchangeably with "time" in this decision.  The respondents did not object to the lack of the place at which the proceedings will be held.

for decades.  *See Niz-Chavez*, 593 U.S. at 157–59, 171; *Pereira*, 585 U.S. at 202–03, 209; *see also* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 304, 110 Stat. 3009-546, 3009-588, 3009-595 (codified at 8 U.S.C. §§ 1229, 1229b).

Following the Supreme Court's decisions in *Pereira* and *Niz-Chavez*, the Board—consistent with all the courts of appeals that had addressed the matter—held that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is not a jurisdictional requirement and that noncompliant notices to appear do not affect the Immigration Court's jurisdiction over the removal proceedings. *Matter of Arambula-Bravo*, 28 I&N Dec. 388, 389–92 (BIA 2021), *aff'd*, No. 21-826, 2024 WL 1299986 (9th Cir. Mar. 27, 2024).  We reaffirmed that holding in *Matter of Fernandes*, 28 I&N Dec. at 607.

At the same time, following *Pereira*, the courts of appeals recognized that the time and place requirement in a notice to appear is a claim-processing rule.  *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 191–93 (9th Cir. 2022); *Chavez-Chilel v. Att'y Gen. U.S.*, 20 F.4th 138, 143–44, 144 n.5 (3d Cir. 2021); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1278–79 (10th Cir. 2020); *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1157 (11th Cir. 2019); *Pierre-Paul v. Barr*, 930 F.3d 684, 691–93 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez*, 593 U.S. 155; *United States v. Cortez*, 930 F.3d 350, 359–62 (4th Cir. 2019); *Ortiz-Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019).  "[C]laim-processing rules" are those "that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).  Claim-processing rules do not implicate the jurisdiction of a court, and they are subject to waiver and forfeiture unless timely raised.  *See Manrique v. United States*, 581 U.S. 116, 121 (2017).

Published decisions of the Board also recognized the time and place requirement in a notice to appear as a claim-processing rule.  *See Matter of Fernandes*, 28 I&N Dec. at 608–09; *Matter of Nchifor*, 28 I&N Dec. 585, 586–88, 586 n.4 (BIA 2022) (interpreting the regulatory requirements for a notice to appear); *Matter of Rosales Vargas and Rosales Rosales*, 27 I&N Dec 745, 749, 751–52 (BIA 2020) (same).  In *Matter of Fernandes*, consistent with decisions of courts of appeals that addressed this issue, we concluded that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is a claim-processing rule.  28 I&N Dec. at 608.  We also held, consistent with Supreme Court and courts of appeals case law addressing claim-processing rules, that "if a respondent does not raise an objection to a defect in the notice to appear in a timely manner, such an objection is waived or forfeited." *Id.* at 609.  We determined that a claim-processing rule objection "will generally . . . be timely if it is raised prior to the closing of pleadings before

the Immigration Judge." *Id.* 610–11.  In doing so, we characterized this as "a useful guideline regarding . . . timeliness." *Id.* at 610.

## B. Retroactivity

As a general matter, agencies and courts may announce new rules through adjudication and apply them retroactively.  *See SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947).  Judicial or administrative decisions, unlike statutes, are generally retroactive in application, since they simply "say what the law is." *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 107 (1993) (Scalia, J., concurring) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)); *see also Reyes v. Garland*, 11 F.4th 985, 990–91 (9th Cir. 2021) (holding that when agency decisions apply preexisting rules to new factual circumstances they are judicial in nature and apply retroactively).

However, there are times when agency decisions announce new rules that change the law in a substantial way, and it may be unfair to apply the new rule retroactively.  *See, e.g.*, *Reyes*, 11 F.4th at 996–97 (holding that it would be unfair to apply the Board's decision regarding a crime involving moral turpitude retroactively).  Thus, under those circumstances, the agency decision may only be applied prospectively.

In *Matter of Cordero-Garcia*, 27 I&N Dec. 652, 655–57 (BIA 2019), we adopted a two-part approach for determining whether a published Board decision applies retroactively.  First, we consider whether our holding is a change in law for purposes of retroactivity.  *See id.* at 656–57.  If it is, we then apply the multi-factor test first set forth in *Retail, Wholesale and Department Store Union v. NLRB*, 466 F.3d 380, 390 (D.C. Cir. 1972), to determine whether it would be unfair to apply the new rule retroactively.  *See Matter of Cordero-Garcia,* 27 I&N Dec. at 657.

Published decisions of the Board or the courts are generally intended to provide guidance for parties in litigation and lower tribunals by addressing an issue or principle where guidance may be needed.  Published cases may clarify the law by providing guidance where there was none before or where there were conflicts or uncertainties.  A published Board decision that interprets a previously unclear statute, for example, does not constitute a change in law for retroactivity purposes.  *See Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1279 (9th Cir. 2018); *Matter of Cordero-Garcia*, 27 I&N Dec. at 656.  Treating precedents as only prospective runs contrary to the principle that judicial or administrative decisions simply say what the law is and generally are retroactive in application.  *See Reyes*, 11 F.4th at 990–91; *see also Chenery Corp.*, 332 U.S. at 203 ("Every case of first impression has a retroactive effect, whether the new principle is announced by a court or by an administrative agency").

The test for whether a published decision constitutes a change in law, and thus triggers a retroactivity analysis, is whether the Board "'consciously overrules or otherwise alters its own rule or regulation,' or 'expressly considers and openly departs from a circuit court decision.'" *Matter of Cordero-Garcia*, 27 I&N Dec. at 656 (quoting *Olivas-Motta*, 910 F.3d at 1277). Whether a decision has retroactive effect is a question of law we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2024).

## C. Application of the "Change in Law" Test

*Matter of Fernandes* does not constitute a change in law requiring a retroactivity analysis. As an initial matter, our holding in *Matter of Fernandes* that the time and place requirement in the notice to appear is a claim-processing rule was consistent with decisions by courts of appeals that previously addressed this issue, as well as the Board's prior decisions. Likewise, our determination that an objection to a noncompliant notice to appear is waived or forfeited if not timely raised is not a change in law because it was based on prior Board, courts of appeals, and Supreme Court precedents regarding claim-processing rules.[3] *See Matter of Fernandes*, 28 I&N Dec. at 609.

Turning to the timeliness issue, in *Matter of Fernandes* we provided a guideline for determining when a claim-processing rule objection is timely. *Id.* at 610–11. We observed that neither the statutory text nor the Supreme Court's jurisprudence addressing claim-processing rules in different contexts provided specific guidance. *Id.* at 609. We further acknowledged that the Board's decision in *Matter of Nchifor*, 28 I&N Dec. at 589, which involved an objection raised for the first time in a motion to reopen, had not previously decided at what point an objection will be considered timely. *Matter of Fernandes*, 28 I&N Dec. at 610.

Although we considered circuit court decisions that had addressed timeliness, none of these decisions had definitely decided at what point in the proceeding an objection must be made in order to be timely. *See id.* at 609–10, 609 n.3; *see also Arreola-Ochoa v. Garland*, 34 F.4th 603, 609 (7th Cir. 2022) (suggesting a range of factors to consider when determining the timeliness of an objection); *Pierre-Paul*, 930 F.3d at 693 & n.6 (holding that an objection to a noncompliant notice to appear raised for the first time in a petition for review was untimely and noting that "an alien who fails to object to the notice to appear and concedes his removability" waives the

---

[3]   In contrast, our holding that a respondent is not required to show prejudice arising from the lack of date and time of the hearing in the notice to appear departed from the decisions of some circuit courts. *See Matter of Fernandes*, 28 I&N Dec. at 612 n. 6. However, this difference is not the focus of the Immigration Judge's decision or the parties' arguments in this case and would not affect the retroactivity analysis.

issue).[4]  Thus, *Matter of Fernandes*, 28 I&N Dec. at 610–11, clarified the law by resolving an issue about which there was no clear guidance.  *See Chenery Corp.*, 332 U.S. at 203 (holding that an agency determination is not impermissibly retroactive simply because it is deciding an issue of first impression).[5]

We are aware of no court decisions finding that our holding in *Matter of Fernandes* constituted a change in law for retroactivity purposes.  In fact, since we issued our decision in *Matter of Fernandes*, the courts of appeals have, without a change in law analysis, applied our guideline retroactively to individuals who did not object to a noncompliant notice to appear prior to the close of pleadings.  Significantly, the United States Court of Appeals for the Fifth Circuit in a recent published decision held that the Board did not err in denying a motion to remand based on *Matter of Fernandes* "[b]ecause Sustaita-Cordova failed to raise an objection to the [notice to appear] prior to the close of pleadings before the IJ, [and thus] he forfeited any later claim-processing challenge to the [notice to appear]."[6]  *Sustaita-Cordova v. Garland*, 120 F.4th 511, 519 (5th Cir. 2024).

Although not in the context of retroactivity, the Eighth Circuit in *Amador-Morales v. Garland*, 94 F.4th 701, 703–04 (8th Cir. 2024), expressly concluded that *Matter of Fernandes* was not an intervening change in law that would justify reopening removal proceedings.  The Eighth Circuit concluded that "*Fernandes* followed prior BIA decisions" holding that the time and place requirement for a notice to appear was a claim-processing

---

[4]  Although not discussed in *Matter of Fernandes*, the United States Court of Appeals for the Seventh Circuit at the time had suggested that an objection to a noncompliant notice to appear should be raised "at the outset of proceedings."  *Avila De La Rosa v. Garland*, 2 F.4th 685, 688 (7th Cir. 2021).  The Sixth Circuit, in whose jurisdiction this case arises, applied this standard and found in an unpublished decision issued prior to *Matter of Fernandes* that an objection was untimely because the respondents "had conceded proper service of the notices [to appear] and admitted the charges against them."  *Kim v. Garland*, No. 21-3613, 2022 WL 390561, at *3 (6th Cir. Feb. 9, 2022).

[5]  Our guidance in *Matter of Fernandes* that an objection will generally be considered timely if raised before the close of pleadings is consistent with procedural rules governing general litigation in the Federal Courts.  The Federal Rules of Civil Procedure require that certain defenses be asserted in a responsive pleading or motion before pleading.  *See* Fed. R. Civ. P. 12(b).

[6]  The courts of appeals have also applied the timeliness guideline from *Matter of Fernandes* in unpublished decisions, including one from the Sixth Circuit.  *See Recendiz-Fernandez v. Garland*, Nos. 22-605710, 23-60527, 2024 WL 4678884, at *4 (5th Cir. Nov. 5, 2024); *Perez Garcia v. Garland*, No. 23-152, 2024 WL 4212340, at *2 (9th Cir. Sept. 17, 2024); *Alvarenga-Canales v. Garland*, No. 22-3514, 2023 WL 3094545, at *3 (6th Cir. Apr. 26, 2023) ("Application of *Fernandes* here simply demonstrates that Alvarenga-Canales 'waived or forfeited' the possibility of BIA review of this notice argument when she failed to raise it with the IJ.").

rule. *Id.* at 703–04. Additionally, the Eighth Circuit held that "*Fernandes* was not an intervening change in the law that would excuse [Amador-Morales's] forfeiture of an objection to the [notice to appear]"). *Id.* at 704.

Section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is, and always has been, a claim-processing rule. That the Board did not previously issue a published decision addressing when a claim-processing rule objection will be considered timely does not mean that such objections could have been made at any time and considered timely. We did not have occasion to issue a decision on the claim-processing rule aspect of section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), or how it is to be applied in removal proceedings until it became necessary and advisable in *Matter of Fernandes*.

The Immigration Judge relied on our previous decision in *Matter of Rosales Vargas and Rosales Rosales* to conclude that the guidance on timeliness in *Matter of Fernandes* constituted a change in law because it altered the Board's prior rule. Specifically, the Immigration Judge noted that in *Matter of Rosales Vargas and Rosales Rosales*, the respondents did not raise a challenge to the notices to appear until the day of the individual merits hearing, and we concluded, in a single line at the end of our decision, that the respondents' objection was timely. 27 I&N Dec. at 746, 753.

However, the issue considered in *Matter of Rosales Vargas and Rosales Rosales* was whether a notice to appear that does not include the location (in addition to the time) of the hearing deprives the Immigration Court of subject matter jurisdiction under the regulations. *Id.* at 747. We concluded that it did not. *Id.* at 747, 753. In closing, we noted that the respondents in that case timely challenged the deficiencies in their notices to appear, but there was no apparent prejudice. *Id.* at 753. This observation regarding the timeliness of the objection was made without discussion or analysis, and it was neither part of the holding in that case nor necessary to the result. As such, our brief mention of timeliness was dicta and did not establish a rule from which *Matter of Fernandes* could have departed. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) (stating that courts are bound by "those portions of [an] opinion necessary to th[e] result"). As *Matter of Rosales Vargas and Rosales Rosales* did not establish a rule that an objection to a noncompliant notice to appear could be made after the close of pleadings, we did not "consciously overrule[] or otherwise alter[] [our] own rule or regulation" in *Matter of Fernandes*. *Matter of Cordero-Garcia*, 27 I&N Dec. at 656 (citation omitted).

We also disagree with the Immigration Judge to the extent he concludes that our decision in *Matter of Fernandes* "openly depart[ed] from a circuit court decision." *Id*. The cases cited by the Immigration Judge as support for his determination that prior to *Matter of Fernandes*, an objection was timely if raised prior to a final decision on the merits do not involve immigration

proceedings. *See Kontrick v. Ryan*, 540 U.S. 443, 458–60 (2004); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475–76 (6th Cir. 2007).

The respondents also submit that applying *Matter of Fernandes* retroactively would be contrary to our rule that "retroactivity [of an agency decision] must be balanced against the mischief of producing a result which is contrary to statutory design or to legal and equitable principles." *Matter of Cordero-Garcia*, 27 I&N Dec. I&N Dec. at 655 (quoting *Chenery Corp.*, 332 U.S. at 203). The respondents contend that at the time pleadings were entered, any objection to the missing date in the notices to appear would have been futile, if not frivolous, under settled law, and therefore retroactive application of *Matter of Fernandes* would be inequitable.

While the Supreme Court has held that a litigant's failure to raise an issue in a timely manner may be excused if the issue was "truly novel" and there was "no reasonable basis in existing law" for raising the issue, *Reed v. Ross*, 468 U.S. 1 (1984), we are not persuaded that this issue qualifies as such. The respondents could have, but did not, raise a timely objection to their noncompliant notices to appear. *See, e.g.*, *Avila De La Rosa v. Garland*, 2 F.4th 685, 686 (7th Cir. 2021) ("Cristian Avila de la Rosa received a procedurally defective Notice to Appear for his immigration removal proceedings, and (unlike many others) he made a timely objection to that Notice."). That the argument may have been unsuccessful at the time does not excuse the lack of a timely objection to the notices to appear. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998) ("[F]utility cannot constitute cause [for failing to raise a procedural issue] if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (quoting *Engle v. Isaac*, 456 U.S. 107 (1982))). The respondents' decision not to challenge DHS' practice of issuing noncompliant notices to appear in their own case is not a basis to conclude that retroactive application of *Matter of Fernandes* would be inequitable.

Based on the above, we conclude that the Board's holding in *Matter of Fernandes*, 28 I&N Dec. at 610–11, that an objection to a noncompliant notice to appear will generally be considered timely if raised prior to the close of pleadings is not a change in law for purposes of retroactivity. Accordingly, we need not apply the multi-factor retroactivity analysis discussed in *Matter of Cordero-Garcia*, 27 I&N Dec. at 658, 466 F.2d at 390. *Matter of Fernandes* applies retroactively.

### D. Timeliness of the Claim-Processing Rule Objection

The Immigration Judge erred in concluding that the respondents' motion to terminate was timely because it was filed following the Supreme Court's decision in *Niz-Chavez*. First, as a legal matter, contrary to the Immigration Judge's decision and the respondents' assertion on appeal, the Supreme

Court's decisions in *Pereira* and *Niz-Chavez* did not address the claim-processing rule aspect of section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), did not create a claim-processing rule, and did not constitute a "change in law" for claim-processing rules. The Supreme Court's decisions in *Pereira*, 585 U.S. at 202, and *Niz-Chavez*, 593 U.S. at 158–59, related to the application of the stop-time rule under section 240A(d)(1)(A) of the INA, 8 U.S.C. § 1229b(d)(1)(A). They did not concern the Immigration Court's jurisdiction or the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), and did not affect the timeliness of the claim-processing rule objection. *See, e.g.*, *Ramos Rafael v. Garland*, 15 F.4th 797, 800–01 (6th Cir. 2021) (holding that "*Pereira* and *Niz-Chavez* concern only the stop-time rule" and not jurisdiction).

While the Supreme Court's decisions in *Pereira* and *Niz-Chavez* may have resulted in arguments regarding jurisdiction and claim-processing rules, the text of section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), has remained unchanged and was plain on its face long before those decisions were issued. *See* IIRIRA, § 304, 110 Stat. at 3009-587 to 3009-588 (enacting section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1)). The only common link between the claim-processing rule in this case and *Matter of Fernandes* and the Supreme Court's decisions in *Pereira* and *Niz-Chavez* is the consideration of the plain statutory text of the INA.

Indeed, in *Mejia-Padilla v. Garland*, 2 F.4th 1026, 1033–34 (7th Cir. 2021), the Seventh Circuit rejected a similar argument that the Supreme Court's decision in *Pereira* excused the forfeiture of the objection to a noncompliant notice to appear. The court noted that although *Pereira* had not yet been decided and there was contrary precedent, the respondent could have objected to the noncompliant notice to appear at the outset of the proceedings based on the plain language of the statute, and the respondent forfeited the objection by not raising it before the Immigration Judge. *Id.* at 1033–34.

Second, the respondents' motion raising the claim-processing rule was filed in October 2022, which was 18 months after the Supreme Court issued its decision in *Niz-Chavez*. Even before the Supreme Court's decision in *Niz-Chavez*, circuit courts had discussed the claim-processing rule aspect of section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i). *See, e.g.*, *Ortiz-Santiago v. Barr*, 924 F.3d 956, 964 (7th Cir. 2019). In fact, multiple circuit courts have observed that arguments regarding defective notices to appear were available based on the plain statutory language even before the Supreme Court's 2018 decision in *Pereira*. *See Chavez-Chilel v. Att'y Gen. U.S.*, 20 F.4th 138, 144 n.7 (3d Cir. 2021); *Mejia-Padilla*, 2 F.4th at 1034. Thus, the respondents' objection was untimely, and they waived the opportunity to challenge this issue.

Other arguments by the respondents do not persuade us to reach a different conclusion. The respondents' argument that in *Matter of Chen*, 28 I&N Dec. 676 (BIA 2023), we implicitly held that a respondent can object to the missing information in the notice to appear years after being ordered removed is without merit. Our decision in *Matter of Chen*, 28 I&N Dec. at 679, 681–82, involved a motion to reopen to apply for cancellation of removal and the issue of whether continuous physical presence is terminated by a final administrative decision. It did not involve an objection to the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), and the Board did not, implicitly or explicitly, hold that a claim-processing rule objection can be made years after the final administrative decision.[7]

Finally, the respondents argue that *Matter of Fernandes* should not be applied retroactively based on principles of fairness and due process. However, as discussed above, neither the Supreme Court's decision in *Niz-Chavez*, nor our decision in *Matter of Fernandes*, constitute a change in law with respect to the timeliness of the claim-processing rule objection at issue here. *See Matter of Cordero-Garcia*, 27 I&N Dec. at 656. Thus, the retroactive application of *Matter of Fernandes* is entirely consistent with sound principles of fairness and due process.

## III. CONCLUSION

Our guidance in *Matter of Fernandes* as to the timeliness of the claim-processing rule objection to a noncompliant notice to appear applies retroactively. The respondents did not object to the missing information in their notices to appear before the close of pleadings and have not otherwise demonstrated that their objection should be considered timely. Thus, they have forfeited their objection. We will sustain DHS' appeal, vacate the Immigration Judge's decision, and remand for further proceedings.[8]

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing order and for the entry of a new decision.

---

[7] If the respondents in *Matter of Chen* had raised a claim-processing rule objection to their noncompliant notices to appear for the first time in their motion to reopen, the objection would have been untimely under *Matter of Nchifor*, 28 I&N Dec. at 589.

[8] In light of our decision, we need not consider the parties' other contentions on appeal regarding the missing time and date on the notices to appear. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").