NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MIRZA ROXANA MENDOZA-REYES; S.I.L-M.; N.Y.L-M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-80 <br><br> Agency Nos. <br> A213-279-938 <br> A213-279-939 <br> A213-279-940 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.***

Petitioners Mirza Mendoza-Reyes (Mendoza-Reyes) and her two minor

children, S.I.L-M and N.Y.L-M, are natives and citizens of Honduras. Petitioners

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

seek review of the Board of Immigration Appeals' (BIA) decision affirming the denial by an immigration judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. We review the BIA's determinations of purely legal questions de novo, and factual findings for substantial evidence. Under the substantial evidence standard, we uphold the agency's determination unless compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citations and internal quotation marks omitted).

1. Mendoza-Reyes raises two arguments arising from the fact that the initial Notice to Appear (NTA) issued in her case did not contain the statutorily required time, date, and place. First, she argues that the BIA erred when it declined to remand the case to the IJ to remedy the defective NTA. The BIA correctly concluded that because Mendoza-Reyes failed to object to the defective NTA in proceedings before the IJ, she forfeited the issue. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191, 1193 (9th Cir. 2022) (en banc) (holding that a noncompliant NTA is a non-jurisdictional claim-processing defect that "may be

forfeited if the party asserting the rule waits too long to raise the point" (internal citation and quotation marks omitted)); *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (B.I.A. 2022) (holding that an objection to a noncompliant NTA will generally be considered timely if made prior to the close of pleadings before the IJ).

Second, Mendoza-Reyes argues that *Matter of Fernandes*'s timeliness requirement is a new rule that should not be applied retroactively to her case. Because Mendoza-Reyes did not raise this argument to the BIA, she failed to exhaust the claim, and we therefore deny this portion of the petition. *See* 8 U.S.C. § 1252(d)(1); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." (citations omitted)).[1]

---

[1] In her reply brief, Mendoza-Reyes argues that "because the retroactive application of the change in law is also a constitutional, substantive due process issue that the agency has no power to adjudicate, it need not be raised before the BIA." That argument is misplaced in this case because the BIA has the authority to adjudicate the retroactivity of its own decision. *See Matter of Cordero-Garcia*, 27 I. & N. Dec. 652, 655–57 (B.I.A. 2019) (outlining the framework for analyzing the retroactivity of published BIA decisions); *Matter of Larios-Gutierrez de Pablo*, 28 I. & N. Dec. 868, 875 (B.I.A. 2024) (holding that *Matter of Fernandes* applies retroactively); *cf. Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005) (per curiam) ("Retroactivity challenges to immigration *laws*

2. The BIA correctly concluded that the IJ did not abuse her discretion when she denied Mendoza-Reyes's request for a continuance at the September 2, 2021 hearing. "The decision to grant or deny the continuance is within 'the sound discretion of the judge and will not be overturned except on a showing of clear abuse.'" *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008)). Mendoza Reyes's counsel requested a continuance of indeterminate length to submit an application for prosecutorial discretion and represented that the application would be filed that day. The IJ found that this did not constitute good cause but ultimately granted a one-week continuance to allow Mendoza-Reyes to prepare briefing on her particular social groups. Mendoza-Reyes did not renew her request for a continuance to seek discretionary relief at the subsequent hearing. The BIA correctly concluded that the IJ did not abuse her discretion.[2]

3. Substantial evidence supports the BIA's conclusion that no nexus exists between Mendoza-Reyes's past or feared future harm and her proposed social groups. "For both asylum and withholding claims, a petitioner must prove a causal

---

implicate legitimate due process considerations that need not be exhausted in administrative proceedings because the BIA cannot give relief on such claims." (emphasis added)).

[2] Mendoza-Reyes also fails to show prejudice. The record reflects that she was able to request prosecutorial discretion during the pendency of appellate proceedings and the Department of Homeland Security Office of the Principal Legal Advisor declined to exercise prosecutorial discretion on November 8, 2023. *See* Dkt. 23.

nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). To meet her burden of proof for asylum, Mendoza-Reyes "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for her persecution. 8 U.S.C. § 1158(b)(1)(B)(i).[3] "For withholding of removal, an applicant must show only that a protected ground is a reason for future persecution." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (internal quotation marks and citations omitted).

Mendoza-Reyes testified about a number of prior harms: childhood abuse inflicted by her mother, threats from relatives of the man her cousin killed, her brother's kidnapping when she was a child, and threats from officials who wanted her to support their political parties when she was working as a teacher. Because "[a]sylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground," Mendoza-Reyes's testimony about general intra- and inter-familial violence and threats is insufficient to meet her burden to establish nexus. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir.

---

[3] Because the BIA assumed for purposes of its decision that Petitioners qualified as *Mendez-Rojas* class members, we likewise reach the merits of Mendoza-Reyes's asylum claim. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

23-80

2010) (per curiam). Mendoza-Reyes also provides country-conditions evidence of generalized violence towards women, but she does not explain why anyone in particular would be motivated to harm her or her daughters. *See Rodriguez-Zuniga*, 69 F.4th at 1018 ("The reasons needed to prove a nexus refer to the persecutor's motivations for persecuting the petitioner."). And although she argues that Honduran schoolteachers have "unique importance to the gangs' continued functioning and dominance in many parts of Honduras," this evidence does not compel a finding that she would be persecuted today based on employment that ended in 2009.

Because the "lack of a nexus to a protected ground is dispositive of [Mendoza-Reyes's] asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we need not address her arguments regarding past and future persecution.

4. Finally, substantial evidence supports the BIA's conclusion that Mendoza-Reyes is not entitled to CAT relief. "[A] CAT applicant must show both a greater than 50 percent likelihood that [s]he will be tortured, and that a public official would inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (internal citations omitted). Mendoza-Reyes's "generalized evidence of violence and crime . . . is not particular to [her] and is insufficient to meet [the] standard" for CAT protection. *Delgado-Ortiz*, 600

F.3d at 1152; *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture."). Additionally, Mendoza-Reyes's argument that the BIA and IJ "failed to consider [her] testimony and evidence . . . [and] all country conditions in the record" is unsupported. *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (explaining "conclusory arguments" that the IJ failed to consider certain evidence are insufficient to overcome denial of CAT protection).

**PETITION DENIED.**