**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DORA ACEVEDO-RIVERA; et al.,
Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4671

Agency Nos.
A202-077-834
A202-077-835
A202-077-836
A202-077-837

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025[**]

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Dora Acevedo-Rivera and her children, natives and citizens of El Salvador,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reconsider, and de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider where petitioners failed to identify any error of fact or law in the BIA's prior decision upholding the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1229a(c)(6); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision."); *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

Petitioners' challenge to the BIA's determination that their claim-processing contention is untimely is unsupported. *See Bastide-Hernandez*, 39 F.4th at 1191 (claim-processing violations may be forfeited if the party asserting the rule waits too long to raise them); *see also Matters of Larios-Gutierrez De Pablo and Pablo-Larios*, 28 I. & N. Dec. 868, 874-75 (BIA 2024).

Petitioners do not challenge the agency's determination that they failed to state an ineffective assistance of counsel claim or its decision not to reopen proceedings sua sponte, so we do not address these issues. *See Lopez-Vasquez v.*

*Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We do not address petitioners' contentions as to the merits of their asylum and related claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**