# Matter of Augustine NCHIFOR, Respondent

*Decided June 24, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A respondent who raises an objection to missing time or place information in a notice to appear for the first time in a motion to reopen has forfeited that objection.

FOR THE RESPONDENT: Jeffrey B. Rubin, Esquire, Boston, Massachusetts

FOR THE DEPARTMENT OF HOMELAND SECURITY: Robert Weir, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge; CREPPY and LIEBOWITZ, Appellate Immigration Judges.

MALPHRUS, Deputy Chief Appellate Immigration Judge:

This case was last before us on May 11, 2021, when we dismissed the respondent's appeal from an Immigration Judge's decision denying his applications for relief from removal and ordering him removed. On June 16, 2021, the respondent timely filed a motion to reopen his proceedings in light of *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and, upon reopening, terminate the proceedings. The Department of Homeland Security ("DHS") opposes the motion. Although termination is not warranted, we will grant the motion to reopen in part and remand the record to consider the respondent's eligibility for voluntary departure.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cameroon who, at the time he applied for admission to the United States, lacked valid immigration documents. On October 9, 2019, DHS personally served him with a notice to appear, which ordered him to appear before the Immigration Court in Jena, Louisiana, on a date and time to be set. The respondent received a subsequent notice of hearing informing him that his first hearing was scheduled to take place on December 20, 2019.[1] The respondent appeared for this hearing.

---

[1] Removal proceedings before the Immigration Judge in this matter were completed in Jonesboro, Louisiana, where the respondent was located and the hearing was docketed.

Additional notices of hearing were served on the respondent informing him of the dates of his subsequent hearings. The respondent obtained counsel, conceded his removability, applied for relief from removal, and appeared for all of his hearings as scheduled. In a decision dated April 2, 2020, the Immigration Judge concluded that the respondent was removable as charged and, after conducting a merits hearing, denied his applications for relief. We dismissed the respondent's appeal from the Immigration Judge's decision, and the respondent timely filed the instant motion to reopen.

## II. ANALYSIS

The respondent's timely motion is not premised on previously unavailable, material evidence. *See* section 240(c)(7)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(7)(B) (2018); 8 C.F.R. § 1003.2(c)(1) (2021). The notice to appear, which did not specify the time or date of his initial hearing, was personally served on the respondent and in the record throughout proceedings. Rather, the respondent argues that the decision of the Supreme Court of the United States in *Niz-Chavez*[2] represents a change in law that warrants reopening and terminating his proceedings.[3] However, as we explain more fully below, *Niz-Chavez* does not represent a change in law that warrants termination.

Prior to the respondent's initial removal hearing, the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, held that the regulatory requirement for a notice to appear is "not jurisdictional but is a claim-processing rule."[4] *Pierre-Paul v. Barr*, 930 F.3d 684, 691 (5th

---

The Immigration Judge conducted the hearing remotely from the Falls Church, Virginia, Immigration Court via video conference pursuant to section 240(b)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(2)(A)(iii) (2018). The docketed hearing location in Jonesboro, Louisiana, is within the geographic area of the United States Court of Appeals for the Fifth Circuit. Therefore, like the Immigration Judge, we apply the law of that circuit. *See, e.g.*, *Matter of R-C-R-*, 28 I&N Dec. 74, 74 n.1 (BIA 2020).

[2] In *Niz-Chavez*, 141 S. Ct. at 1480, the Court held that, to trigger the so-called "stop-time" rule under section 240A(d)(1) of the INA, 8 U.S.C. § 1229b(d)(1) (2018), for purposes of cancellation of removal a notice to appear must be a single document containing all the information about a respondent's removal hearing required by section 239(a) of the INA, 8 U.S.C. § 1229a(a) (2018), including the time and place of the initial hearing.

[3] *See Matter of G-D-*, 22 I&N Dec. 1132, 1135 (BIA 1999) (discussing whether a fundamental change in law warranted sua sponte reopening an untimely motion but noting the timeframe for reopening "is intended to accommodate changes in the law" (citation omitted)).

[4] The respondent argues that, in addition to the governing regulations, the time and place requirement in section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), is a claim-processing rule. We recognize that the Third, Fourth, Seventh, Tenth, and Eleventh

Cir. 2019), *abrogated on other grounds by Niz-Chavez*, 141 S. Ct. at 1485.[5] As the court explained, "While 'harsh consequences' follow a failure to comply with jurisdictional rules, less harsh consequences follow a failure to comply with non-jurisdictional claim-processing rules." *Id.* at 692 (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015)). "A claim-processing rule is a rule that 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Id.* (alteration in original) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it." *Id.* "But an objection based on a mandatory claim-processing rule may be forfeited 'if the party asserting the rule waits too long to raise the point.'"[6] *Id.* (quoting *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019)). Accordingly, the Fifth Circuit concluded that in removal proceedings, "any alleged defect with the charging document must be raised properly and can be forfeited if the [respondent] waits too long to raise it." *Id.* at 693.[7]

_____

Circuits have held that the requirements for what constitutes a notice to appear, under either section 239(a), the regulations, or both, are claim-processing rules, rather than jurisdictional requirements. *See Chavez-Chilel v. Att'y Gen. U.S.*, 20 F.4th 138, 142–43 (3d Cir. 2021) (characterizing the time and place requirement in section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), as a claim-processing rule); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1277–79 (10th Cir. 2020) (same with regard to section 239(a) and the regulations); *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1154–55 (11th Cir. 2019) (same); *United States v. Cortez*, 930 F.3d 350, 361 (4th Cir. 2019) (same with regard to the regulations); *Ortiz-Santiago v. Barr*, 924 F.3d 956, 964–65 (7th Cir. 2019) (same with regard to section 239(a)). We have likewise concluded that the regulations are a claim-processing rule but reserved the issue whether section 239(a) is such a rule. *See Matter of Arambula-Bravo*, 28 I&N Dec. 388, 390, 392 n.3 (BIA 2021); *Matter of Rosales Vargas and Rosales Rosales*, 27 I&N Dec. 745, 751–52 (BIA 2020). Because the respondent's objection is untimely, we need not decide whether section 239(a) is a claim-processing rule.

[5] In *Pierre-Paul*, the court rejected a respondent's argument that his notice to appear was invalid under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), for "three independent reasons," the second of which was that a defective notice to appear could be cured through the service of a subsequent notice of hearing. *Pierre-Paul*, 930 F.3d at 689. Although *Niz-Chavez* abrogated this aspect of *Pierre-Paul*'s reasoning, as we explain below, the reasoning on which we rely remains valid following *Niz-Chavez*. *See Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021).

[6] While the Board uses the terms "waiver" and "forfeiture" interchangeably, courts often use "forfeiture rather than waiver" in the context of claim-processing rules. *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) (explaining that "forfeiture is the failure to make the timely assertion of a right[;] waiver is the 'intentional relinquishment or abandonment of a known right'" (alteration in original) (citation omitted)).

[7] The respondent argues that *Pierre-Paul* does not require us to view a violation of section 239(a) "strictly as a claim-processing violation." He contends that *Niz-Chavez* supports

The respondent in *Pierre-Paul* "never challenged the validity of his notice to appear before the immigration judge or the [Board]" on direct appeal. *Id.* Instead, he "raised the issue for the first time in his petition for review" before the Fifth Circuit. *Id.* Because the respondent "waited too long to raise this issue," the court concluded that he had forfeited his objection to the alleged defect in the notice to appear. *Id.* In reaching this conclusion, the court did not separately consider whether the missing time or place information in the notice to appear prejudiced the respondent.

As noted, the Fifth Circuit in *Pierre-Paul* relied on Supreme Court jurisprudence distinguishing claim-processing rules from jurisdictional requirements. *See id.* at 692 (collecting cases). This jurisprudence does not require a separate examination of prejudice once an objection to a claim-processing rule is deemed to be untimely and forfeited. In fact, the Court found that, even if a party could show he was prejudiced by a claim-processing violation, any objection to that violation would be invalid if untimely. *See Kontrick v. Ryan*, 540 U.S. 443, 460 (2004) (holding that "[n]o reasonable construction of [claim]-processing rules . . . would allow a litigant" to prevail if he or she he objected to the claim-processing violation "after the party has litigated and lost the case on the merits"). In its claim-processing jurisprudence, the Court has relied on concerns regarding the efficient and fair administration of claims and the finality of decisions. *See Henderson*, 562 U.S. at 434 (stating that claim-processing rules advance "efficiency and fairness"); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 157 (2013) (stating that these rules "prompt parties to act and produce finality" (citation omitted)).

To our knowledge, the Seventh Circuit is the only circuit that has held that a valid claim-processing objection is "available for those who make timely objections, as well as those whose timing is excusable and who can show prejudice." *Ortiz-Santiago v. Barr*, 924 F.3d 956, 965 (7th Cir. 2019); *see also Arreola-Ochoa v. Garland*, 34 F.4th 603, 608 (7th Cir. 2022) (describing a timely objection or an alternative showing of an excusable delay and prejudice as "two paths" to objecting to an alleged defect in a notice to appear).[8] We disagree with this approach.

---

his view that DHS violated section 239(a), and thus termination is required. However, this argument essentially construes the time and place requirement for a notice to appear as a jurisdictional requirement. That argument is contrary to binding precedent, *see Maniar*, 998 F.3d at 242 n.2; *Matter of Arambula-Bravo*, 28 I&N Dec. at 390, and the respondent explicitly conceded in his motion that he was "not raising a jurisdictional issue" regarding the notice to appear.

[8] The Seventh Circuit has since clarified that "*Ortiz-Santiago*'s prejudice inquiry does not focus on prejudice derived from the removal proceedings generally; rather, it focuses specifically on prejudice suffered at the time of the hearing." *Hernandez-Alvarez v. Barr*, 982 F.3d 1088, 1096 (7th Cir. 2020); *see also Mejia-Padilla v. Garland*, 2 F.4th 1026, 1033

We instead agree with the Fifth Circuit's approach in *Pierre-Paul* and will apply it to motions to reopen filed outside the jurisdiction of the Seventh Circuit. Applying this approach, we conclude that the respondent, who raised an objection to the missing time or place information in his notice to appear for the first time in a motion to reopen, "waited too long to raise this issue" and forfeited his objection to this missing information.[9] *Pierre-Paul*, 930 F.3d at 693. Because the respondent forfeited his objection to the missing time or place information, like the Fifth Circuit, we will not separately consider whether the missing information prejudiced him.

The Fifth Circuit's approach in *Pierre-Paul*, which we apply today, was applicable to the respondent at the time of his removal proceedings, and it remains good law following *Niz-Chavez*. *See Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021) (stating that "*Pierre-Paul* remains the law of our circuit" following *Niz-Chavez*); *see also Garcia v. Garland*, 28 F.4th 644, 647 (5th Cir. 2022) (noting "*Pierre-Paul*'s continuing vitality in the aftermath of *Niz-Chavez*"). *Niz-Chavez* did not reference the Supreme Court's jurisprudence relating to claim-processing rules on which *Pierre-Paul* relied, nor did it address whether a respondent may raise a valid objection to missing time or place information on a notice to appear for the first time in a motion to reopen. Thus, *Niz-Chavez* does not represent a change in law that warrants reopening and terminating the respondent's removal proceedings.

However, we agree with the respondent that, under *Niz-Chavez*, his notice to appear does not preclude him from accruing the requisite period of physical presence for purposes of voluntary departure at the conclusion of removal proceedings pursuant to section 240B(b) of the INA, 8 U.S.C. § 1229c(b) (2018). In *Matter of M-F-O-*, we concluded that in light of *Niz-Chavez*, a notice to appear lacking time or place information does not stop an applicant for voluntary departure from accruing physical presence under section 240B(b)(1)(A) of the INA, 8 U.S.C. § 1229c(b)(1)(A). 28 I&N Dec. 408, 416 (BIA 2021) (overruling, in part, our contrary holding in *Matter of Viera-Garcia and Ordonez-Viera*, 28 I&N Dec. 223 (BIA 2021)).

Consistent with *Matter of M-F-O-*, we will grant the respondent's timely motion to reopen and remand for the Immigration Judge to consider the respondent's eligibility for voluntary departure under section 240B(b). On remand, the Immigration Judge should evaluate whether the respondent is otherwise statutorily eligible for voluntary departure under sections

---

(7th Cir. 2021) (concluding that a respondent who raised an objection to missing time or place information for the first time in a motion to reopen had not been prejudiced).

[9] Since the respondent forfeited his objection, we have no occasion to address the implications of a timely objection to missing time or place information on a notice to appear.

240B(b)(1)(B) through (D) of the INA, 8 U.S.C. § 1229c(b)(1)(B) through (D), and whether he merits voluntary departure in the exercise of discretion. *See* INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A). Accordingly, the respondent's motion to reopen is granted, his motion to terminate is denied, and the record is remanded for further consideration of his eligibility for voluntary departure at the conclusion of proceedings under section 240B(b) of the INA, 8 U.S.C. § 1229c(b), and any other issues the Immigration Judge deems appropriate.[10]

**ORDER:** The respondent's motion to reopen is granted.

**FURTHER ORDER:** The respondent's motion to terminate is denied, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[10] Effective June 7, 2022, to December 7, 2023, DHS designated Cameroon for Temporary Protected Status. *See* Designation of Cameroon for Temporary Protected Status, 87 Fed. Reg. 34,706, 34,706 (June 7, 2022).