NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



JUN 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR ACOSTA-OCHOA,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   22-1464

Agency No. A095-795-786

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2024**
Pasadena, California

Before: TASHIMA, CHRISTEN, and VANDYKE, Circuit Judges.

Hector Acosta-Ochoa seeks review of a Board of Immigration Appeals

("BIA") decision denying his motion to reopen proceedings. We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

In reviewing denials of motions to reopen, this court applies the deferential abuse of discretion standard. *INS v. Abudu*, 485 U.S. 94, 107 (1988). Motions to reopen are "disfavored in deportation proceedings" because "[t]here is a strong public interest in bringing litigation to a close … promptly." *Id.* This means that a court will only reverse the BIA's denial of a motion to reopen proceedings if the denial was "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (citation omitted).

Seven years after the BIA issued its final removal order, Petitioner moved to reopen removal proceedings claiming that there were defects in the contents of the initial notice to appear ("NTA") that he was issued. The BIA concluded that Petitioner's removal proceedings should not be reopened because his motion was untimely. Under 8 C.F.R. § 1003.2(c)(2) "a party may file only one motion to reopen deportation or exclusion proceedings … and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered." Petitioner filed his motion well after that deadline.

Petitioner's only argument as to why his motion was timely is that this was his first opportunity to make this argument after learning about new law relating to the contents of NTAs. But this argument does not implicate any recognized exception to the timeliness bar for motions to reopen. Thus, the agency did not abuse its discretion in denying the motion.

Even if Petitioner's motion to reopen itself was not untimely, he waited too long to raise the issue of the adequacy of his NTA before the agency. *See Matter of Nchifor*, 28 I. & N. Dec. 585, 588–89 (BIA 2022); *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (BIA 2022). The BIA therefore correctly found that this claim was forfeited. The requirement that an NTA contain particular pieces of information is a claims-processing rule. It is a well-established requirement, long recognized by the Supreme Court, the Ninth Circuit, and the BIA, that a person cannot sit on his rights and raise objections to claims-processing rule violations at any time. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)*, United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–91 (9th Cir. 2022) (en banc); *Matter of Fernandes*, 28 I. & N. Dec. at 610–11.

That is what Petitioner did here. Although he had ample opportunity to raise any issue with the contents of his NTA during the pendency of his removal proceedings before the agency, he never did, instead waiting until after both the agency and this court had completed review of his removal objections to raise his objections in a motion to reopen.

**PETITION DENIED.**