[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14180

Non-Argument Calendar

_____

BRENDA GIRON GONZALES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A079-661-734

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brenda Giron Gonzales petitions for review of the order of the Board of Immigration Appeals denying her motion to reopen her removal proceedings. Ms. Gonzales, however, has failed to meaningfully challenge dispositive aspects of the BIA's order, resulting in abandonment. We must therefore deny the petition.[1]

Ms. Gonzales, a native and citizen of Guatemala, unlawfully entered the United States in August of 2001 by presenting a fraudulent Guatemalan passport and visa. The government thereafter served her with a notice to appear ("NTA") charging her with removability under 8 U.S.C. § 1182(a)(6)(C)(i), (a)(7)(A)(i)(I). The NTA did not include a date or time for the removal hearing, but a subsequent notice of hearing did. Ms. Gonzales appeared at the scheduled hearing in September of 2001, at which she conceded removability and requested asylum. In July of 2002, an immigration judge denied her asylum request and ordered her removed. Ms. Gonzales has since remained in the United States and had two children here. This is her second motion to reopen.

Ms. Gonzales' second motion to reopen was prompted by the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 593 U.S.

---

[1] "We review the denial of a motion to reopen an immigration petition for an abuse of discretion." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

155 (2021) (holding that an NTA lacking the time and place of the hearing does not trigger the stop-time rule). She argued that the BIA should *sua sponte* reopen and terminate proceedings because her deficient NTA resulted in the IJ and the BIA lacking jurisdiction and/or violating a claims-processing rule. Alternatively, she argued that the BIA should reopen proceedings to allow her to apply for cancellation of her removal because the stop-time rule had not been triggered. The BIA denied relief on all grounds.[2]

In her petition, Ms. Gonzales makes three arguments. First, she contends that the BIA abused its discretion in denying her claims-processing challenge as untimely by relying on *In re Nchifor*, 28 I. & N. Dec. 585, 589 (BIA 2022) (holding that a "respondent, who raised an objection to the missing time or place information in his notice to appear for the first time in a motion to reopen [has] . . . forfeited his objection to this missing information"). Second, she asserts that the BIA abused its discretion in refusing to equitably toll her deadline to file a motion to reopen. Third, she maintains that the BIA erred by not considering her "cumulative" and "aggregate" circumstances in its equitable tolling analysis.

On the first issue, Ms. Gonzales failed to adequately challenge the BIA's decision to rely on *Nchifor* such that we must deem the issue abandoned. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) ("An appellant forfeits an issue when she

---

[2] We held in *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1154 (11th Cir. 2019) that an NTA that lacks the time and place of the hearing does not create a jurisdictional defect.

'raises it in a perfunctory manner without supporting arguments and authority.'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)).  In a conclusory fashion, she argues that *Nchifor* was wrongly decided and that we should follow a modified version of the Seventh Circuit's approach in *Ortiz-Santiago v. Barr*, 924 F.3d 956, 965 (7th Cir. 2019) (allowing such objections when "timing is excusable" and there is "prejudice").  Ms. Gonzales' preferred approach excludes the Seventh Circuit's prejudice prong "in light of . . . [*In re Fernandez*, 28 I. & N. Dec. 605, 611 (BIA 2022)]."  Aside from citing to those two cases, however, Ms. Gonzales does not make any attempt to explain why she is correct.

On the second issue, much like the first, Ms. Gonzales fails to meaningfully challenge the BIA's decision to deny equitable tolling for her untimely and number-barred motion to reopen for cancellation.  The BIA refused to equitably toll the deadline because "even if *Niz-Chavez* had applied [in 2001], . . . the respondent still would have lacked 10 years of continuous physical presence" and would not have had "qualifying relative[s]"—her children were born in 2013 and 2016.  *See* AR 5.  Ms. Gonzales does not challenge that conclusion and instead limits her petition to arguing that *Niz-Chaves* was an "extraordinary intervening change of law."  But that is unresponsive to the BIA's decision and thus insufficient to show an abuse of discretion.

We need not address Ms. Gonzales' third issue on appeal—her challenge to the BIA's alternative holding on equitable tolling—because she abandoned her challenge to the BIA's rationale for

23-14180                 Opinion of the Court                        5

denying equitable tolling.  *See Sapuppo*, 739 F.3d at 680 (11th Cir. 2014) ("To obtain reversal of a [decision] that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the [decision] against him is incorrect.").

Accordingly, we deny Ms. Gonzales' petition.

**PETITION DENIED.**