NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YARELY GOMEZ-ORTUNO; ALEXIS JAIMES-GOMEZ; EULICES JAIMES-GOMEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-2031 <br><br> Agency Nos. <br> A208-604-427 <br> A208-604-429 <br> A208-604-428 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025**
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Yarely Gomez-Ortuno and her two minor children (collectively, "petitioners")

petition for review of a Board of Immigration Appeals ("BIA") decision denying

their untimely and number-barred second motion to reopen. The BIA denied their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion because petitioners forfeited their objection to the defective Notice to Appear ("NTA") by raising it for the first time in a motion to reopen and because petitioners were not prejudiced by the missing NTA information and thus suffered no due process violation.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). The BIA abuses its discretion when it "acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (cleaned up). We deny the petition.

1.      The BIA did not abuse its discretion in denying the motion to reopen because petitioners forfeited their objections to the defective NTAs. Defects in an NTA, including missing date and location information, are claim-processing errors that "may be forfeited if the party asserting the rule waits too long to raise the point." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191, 1193 (9th Cir. 2022) (citation omitted). A petitioner who raises such NTA defects for the first time in a motion to reopen has "waited too long" and "forfeited [her] objection to this missing information." *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (BIA 2022).

Petitioners argue that changes in law, including *Pereira v. Sessions*, 585 U.S. 198 (2018), which granted them a potential avenue for relief, were issued after their

2017 immigration judge ("IJ") proceedings. While petitioners may have been foreclosed from objecting to the NTA defects in 2017,[1] petitioners could have raised the objection when *Pereira* issued in June 2018, during the pendency of their initial BIA proceedings and before the BIA issued its final decision. Petitioners did not do so. Instead, petitioners raised the NTA defects for the first time in their untimely motion to reopen in 2021—three years after *Pereira* and three years after the BIA's dismissal of their appeal. Thus, the BIA did not abuse its discretion in finding that petitioners forfeited their objections to the NTA defects. *See Perez-Camacho*, 54 F.4th at 603.

2.     The NTA defects did not violate petitioners' due process rights. To prevail on a due process claim, a petitioner must demonstrate that (1) "the proceeding was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case," and (2) she suffered prejudice such that "the outcome of the proceeding may have been affected by the alleged violation." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (citation omitted).

Petitioners argue that the Department of Homeland Security's failure to issue

---

[1]     In *Popa v. Holder*, this court held that an NTA "that fails to include the date and time of [a petitioner's] deportation hearing, but that states that a date and time will be set later, is not defective so long as a notice of the hearing is in fact later sent to the [petitioner]." 571 F.3d 890, 896 (9th Cir. 2009), *overruled by Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019). At the time of petitioners' IJ proceedings in 2017, *Popa* was controlling and thus potentially foreclosed petitioners' objections to their defective NTAs.

a proper NTA in a single document violated their due process rights and "tainted their prior removal orders."[2] Although the initial NTAs failed to include the hearing time and place, petitioners received subsequent notices that contained this information, they attended all of their hearings with counsel, and the IJ never entered an *in absentia* removal order against them. Thus, petitioners fail to demonstrate that the defective NTAs potentially affected the outcome of their proceedings and cannot establish a due process violation. *See Zetino*, 622 F.3d at 1013.

3.    We lack jurisdiction to review the BIA's denial of sua sponte reopening because the BIA made no legal or constitutional errors. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (holding that this court generally lacks jurisdiction to review the BIA's denial of sua sponte reopening except "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error").

The petition is **DENIED in part** and **DISMISSED in part.**

---

[2]    Petitioners also attempt to re-litigate the jurisdictional issue, but *Bastide-Hernandez* unequivocally holds that NTA defects are not jurisdictional. 39 F.4th at 1191, 1193.