[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12369

Non-Argument Calendar

_____

SANTA I. ESPINOZA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A094-827-496

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Santa Espinoza petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reconsider its prior order dismissing her appeal or to reopen her removal proceedings. She asserts the BIA abused its discretion in denying her motion because: (1) record evidence compelled a conclusion she was targeted on account of her relationship with her husband; and (2) she timely objected to her defective Notice to Appear (NTA), but the BIA erroneously imposed additional procedural requirements as to exhaustion for her argument to be heard. After review, we dismiss the petition in part and deny it in part.

## I. DISCUSSION

*A. Jurisdiction*

As an initial matter, Espinoza filed her petition for review before this Court on July 24, 2024—more than 30 days after the agency issued her final order of removal, the BIA's February 20, 2024, dismissal of her appeal and affirmance of the Immigration Judge's (IJ) denial of relief. 8 U.S.C. § 1252(b)(1) (providing a petition for review of a final order of removal must be filed within 30 days after the date of the final order of removal); 8 C.F.R. § 1241.1 (providing an order of removal made by an IJ becomes final upon the dismissal of an appeal by the BIA). This deadline is mandatory

and jurisdictional and is not subject to equitable tolling.[1] *Dakane v. U.S. Atty. Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). This deadline is also not tolled by the filing of a motion to reopen or reconsider. *See id.* Thus, where a party timely petitions for review of the BIA's denial of a motion to reopen or reconsider, but does so more than 30 days after the BIA dismissed the party's appeal of an IJ's removal order, we retain jurisdiction only over the BIA's order denying the motion to reopen or reconsider. *See id.*

The Government is correct that we lack jurisdiction to review Espinoza's challenges to the merits of the agency's denial of relief from removal. Thus, we do not consider Espinoza's arguments as to the merits of the agency's denial of her applications for relief from removal, specifically, her assertions that: (1) the evidence compelled a conclusion that she was targeted on account of

---

[1] The Supreme Court recently granted *certiorari* to consider whether the 30-day deadline under 8 U.S.C. § 1252(b)(1), for a noncitizen to file a petition for review of a removal order is jurisdictional. *Riley v. Garland*, 145 S. Ct. 435 (2024). However, "grants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (quotation marks and alteration omitted). Accordingly, "[u]ntil the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent." *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015). Regardless of the outcome in *Riley*, however, dismissal would still be appropriate. If § 1252(b)(1) is deemed to be a claims-processing rule rather than jurisdictional, the Government seeks to enforce the limit. *See Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886 (11th Cir. 2023) (explaining claims-processing rules are generally applied if asserted by a party). Further, Espinoza does not raise an equitable tolling argument.

her relationship with her husband; and (2) the agency erroneously required evidence that was unreasonable to obtain.

## B.  Motion to Reconsider and Reopen

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).  "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation marks and alteration omitted). Consequently, merely reiterating arguments previously made to the BIA "does not constitute specifying errors of fact or law as required for a successful motion to reconsider." *Id.* (quotation marks and alteration omitted) (citing 8 C.F.R. § 1003.2(b)(1)).

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).  Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3).  In the context of a motion to reopen, petitioners bear a heavy burden in proving arbitrariness or capriciousness because "motions to reopen are disfavored, especially in removal proceedings." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

The BIA's denial of Espinoza's motion for reconsideration and reopening was not an abuse of discretion, as the BIA did not act arbitrarily or capriciously, nor did the BIA misapply the law or fail to follow its own precedents. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008) (stating we review the BIA's denial of a motion to reconsider or reopen for an abuse of discretion, although we review any underlying legal conclusions *de novo*); *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (explaining when reviewing for an abuse of discretion, we will only determine whether the BIA exercised its discretion arbitrarily or capriciously, and "[t]he BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so").

Espinoza only raises arguments as to this issue that the court lacks jurisdiction to consider. Her arguments as to her motion for reconsideration do not directly challenge the BIA's determination that her motion failed to identify an error of law or fact. 8 U.S.C. § 1229a(c)(6)(C). Her arguments as to her motion to reopen failed to identify any new evidence that she submitted along with her motion that might justify reopening. 8 U.S.C. § 1229a(c)(7)(B). Accordingly, Espinoza has abandoned any challenge to the agency's denial of her motion to reconsider or reopen. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating any arguments not raised before this Court when seeking review of the BIA's order are deemed abandoned).

*C.  Notice to Appeal*

In *Pereira v. Sessions*, the Supreme Court held a putative NTA that is deficient under 8 U.S.C. § 1229(a)(1) for not including the time and place of the removal hearing is not an NTA for purposes of the stop-time rule in the cancellation of removal statute (which deems a noncitizen's period of continuous presence in the United States to end when the noncitizen is served with an NTA).  585 U.S. 198, 201-02 (2018) (citing 8 U.S.C. § 1229b(d)(1)); *see also Niz-Chavez v. Garland*, 593 U.S. 155, 158-72 (2021) (concluding an NTA is a single document that contains all the information required by 8 U.S.C. § 1229(a)(1), and thus rejecting the government's argument that a later notice of hearing supplying the information omitted in the original purported NTA cures the defect).

We have rejected the claim, based on *Pereira*, that the issuance of a deficient NTA deprived the agency of jurisdiction over a noncitizen's removal proceedings.  *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1157 (11th Cir. 2019).  We held § 1229(a) and its accompanying regulation, 8 C.F.R. § 1003.14, are claim-processing rules and not jurisdictional rules.  *Id.* at 1155, 1157.

We have stated the issue of "whether [a petitioner] is entitled to a remand because his defective notice to appear violated the agency's claim-processing rules is a separate issue from whether the immigration court lacked jurisdiction over his removal proceedings."  *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1322 (11th Cir. 2021).  Because an objection to a deficient NTA is a claim-processing objection, it is forfeited "if the party asserting the rule waits

too long to raise the point." *See Avila-Santoyo v. U.S. Atty. Gen.*, 713 F.3d 1357, 1360-61 (11th Cir. 2013) (quotation marks omitted) (holding the 90-day deadline for filing a motion to reopen was a claim-processing, rather than jurisdictional, rule); *see also United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (*en banc*) (noting "forfeiture is the failure to make the timely assertion of a right"). In *Kontrick v. Ryan*, the Supreme Court determined a party who raised a claim-processing objection to bankruptcy proceedings "after the party ha[d] litigated and lost the case on the merits" waited too long and therefore forfeited the objection. 540 U.S. 443, 456, 460 (2004).

The BIA did not abuse its discretion in dismissing Espinoza's motion as to this issue. As to her motion to reconsider, the BIA followed its own precedent in concluding Espinoza could not raise her claims-processing challenge to her defective NTA for the first time in such a motion, as she could have abandoned her jurisdictional argument and raised a claims-processing challenge to her NTA by filing a supplemental brief at any point between the BIA's issuance of *Fernandes* in 2022, and the entry of its February 20, 2024, decision denying her appeal. *See Matter of Fernandes*, 28 I&N Dec. 605, 615-16 (BIA 2022) (holding an IJ may allow the government to remedy a defective NTA without terminating removal proceedings and remanding the petitioner's proceedings to the IJ so that the government could remedy the deficient NTA); *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006) (holding "[a] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied"). Similarly, as to her motion to reopen,

the BIA followed its own precedent in concluding her claims-processing challenge was untimely when raised for the first time in a motion to reopen, as the BIA's earlier denial of her appeal meant that she had already litigated her case on the merits.  *See Avila-Santoyo*, 713 F.3d at 1360-61; *Kontrick*, 540 U.S. at 456, 460; *Matter of Nchifor*, 28 I&N Dec. 585, 589 (BIA 2022) (concluding "the respondent, who raised an objection to the missing time or place information in his notice to appear for the first time in a motion to reopen waited too long to raise this issue and forfeited his objection to this missing information").

Espinoza asserts she objected to her deficient NTA approximately one month prior to her individual hearing before the IJ. However, the BIA expressly acknowledged this fact in its denial of her motion and distinguished her prior jurisdictional challenge to her NTA from the claims-processing challenge that she raised for the first time in her motion.  The BIA's distinction between Espinoza's two arguments was not a misapplication of law, as this Court has stated the question of "whether [a petitioner] is entitled to a remand because his defective notice to appear violated the agency's claim-processing rules is a separate issue from whether the immigration court lacked jurisdiction over his removal proceedings." *Ferreira*, 714 F.3d at 1243; *Farah*, 12 F.4th at 1322.

Espinoza's argument that the agency erroneously imposed additional procedural requirements is also unpersuasive.  Specifically, she points to language in *Santos-Zacaria*, concerning exhaustion and asserts she adequately exhausted the core issue of her

claim—her defective NTA. In *Santos-Zacaria v. Garland*, the Supreme Court determined § 1252(d)(1)'s exhaustion requirement—applicable only to our review of final orders of removal—is a non-jurisdictional rule. 598 U.S. 411, 419 (2023); 8 U.S.C. § 1252(d)(1). *Santos-Zacaria* concerned a statutory provision applicable only to this Court's review of final orders of removal, and thus, is non-dispositive here, where this Court's review is limited to the BIA's denial of her motion to reconsider or reopen. *Id.*

Espinoza attempts to distinguish her factual circumstances, where she raised an objection to her NTA before the IJ from cases where the petitioner objected to the NTA for the first time in a motion to reopen or reconsider. However, her distinctions overlook the distinct nature of jurisdictional challenges and claims-processing challenges. Because she could have raised a claims-processing challenge before the BIA dismissed her appeal, the BIA complied with its precedent, and thus, did not abuse its discretion, in refusing to consider this argument when raised for the first time in a motion for reconsideration. *Scheerer*, 513 F.3d at 1252; *Ferreira*, 714 F.3d at 1243. Similarly, because she raised a claims-processing challenge for the first time after her proceedings concluded, the BIA complied with its precedent, and thus, did not abuse its discretion in concluding the objection had been forfeited. *Id.*

Finally, Espinoza faults the agency for failing to order supplemental briefing or cite intervening authorities. However, we lack jurisdiction to consider her arguments in this regard because they challenge conclusions underlying the agency's denial of relief

in its final order of removal, and Espinoza petitioned for review more than 30 days after that order was issued. 8 U.S.C. § 1252(b)(1); *Dakane*, 399 F.3d at 1272 n.3.  In any event, prior to the BIA's dismissal of her appeal, Espinoza narrowly challenged her NTA on jurisdictional grounds.  Thus, it is unclear why supplemental briefing might be in order, or additional citations necessary, as the BIA rejected her jurisdictional challenge by relying on *Perez-Sanchez*, 935 F.3d at 1157.

## II.  CONCLUSION

Accordingly, because Espinoza fails to show the BIA abused its discretion in denying her motion to reconsider or reopen, we deny her petition for review as to her arguments challenging the BIA's denial of her motion to reconsider or reopen, and dismiss her petition to the extent she disputes the merits of the agency's denial of relief from removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**