FILED
United States Court of Appeals
Tenth Circuit

July 2, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSE MANUEL LOPEZ-VEGA,

     Petitioner,

v.

PAMELA BONDI, United States
Attorney General,[*]

     Respondent.

No. 24-9537
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Jose Manuel Lopez-Vega petitions for review of the final decision of the

Board of Immigration Appeals (BIA) denying his motion to reopen his removal

proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we deny his petition.

---

[*] On February 5, 2025, Pamela J. Bondi became Attorney General of the
United States. Consequently, her name has been substituted as Respondent, per
Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. Background

Mr. Lopez-Vega is a native and citizen of Mexico who entered the United States as a child in 2003. On March 25, 2013, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) that charged him as removable from the United States. The NTA ordered Mr. Lopez-Vega to appear at a date and time "to be set." R. at 311. DHS filed the NTA with the Immigration Court, which then sent notices of hearing dates to Mr. Lopez-Vega. He appeared before an Immigration Judge (IJ) on July 15, 2013.

Mr. Lopez-Vega conceded he was removable but applied for asylum, withholding of removal, and protection under the Convention Against Torture. However, on March 10, 2022—after removal proceedings had been pending almost nine years—he withdrew that application and, in a motion jointly filed with DHS, asked the IJ to adjudicate his case without a hearing and grant him the relief of voluntary departure.

The Immigration Judge granted that motion, finding Mr. Lopez-Vega removable while granting him voluntary departure in lieu of removal. The IJ's order set a deadline of July 14, 2022, for Mr. Lopez-Vega to leave the United States. It stated that if he did not do so, then the "grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings," and an order of removal based on the charges in the NTA would "become immediately effective." *Id.* at 179. The IJ's order further advised that if Mr. Lopez-Vega did not depart within the time allowed, he would be ineligible for cancellation of removal for ten years.

2

Mr. Lopez-Vega did not depart the United States within the time allowed. Instead, on September 19, 2022, two months after the time allowed to leave the country had passed, he moved to reopen the removal proceedings, "in light of *Niz-Chavez v. Garland*, [593 U.S. 155] (2021)." *Id.* at 78. *Niz-Chavez* held, under 8 U.S.C. §§ 1229(a)(1) and 1229b(d)(1), the "stop-time" rule used to calculate how long an applicant for cancellation of removal has been continuously present in the United States applies only when DHS serves an NTA that provides all the statutorily required notice information in a single document. *See* 593 U.S. at 161. Mr. Lopez-Vega's motion to reopen argued *Niz-Chavez* represented "fundamental changes" in the law. R. at 83. He argued that because the 2013 NTA had not included the date and time for his first hearing, the IJ should re-open proceedings to allow him to apply for cancellation of removal and/or terminate the proceedings for lack of jurisdiction.

The IJ denied the motion to reopen. She observed that under 8 C.F.R. § 1003.23(b)(3), a motion to reopen will be granted only if the applicant presents new facts to be proven with evidence that is "material, was unavailable, and could not have been discovered or presented" at an applicant's prior hearing. R. at 59. She concluded *Niz-Chavez* did not provide a reason to reopen because it was decided eleven months before Mr. Lopez-Vega withdrew his application for relief. In addition, she observed that any defects in the 2013 NTA had not deprived the immigration court of jurisdiction because this court's controlling decision in *Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020), held that the lack of a date and time on the NTA is not a jurisdictional defect. She therefore concluded *Niz-*

*Chavez* "would not allow the [Immigration] Court to terminate the respondent's removal proceedings even if it were to grant his motion to reopen." *Id.* at 60. Further, the IJ ruled that the arguments based on defects in the NTA were untimely and therefore waived because Mr. Lopez-Vega had "not raise[d] an objection to the NTA before he entered pleadings in 2013," or "anytime in the subsequent 8 years before filing the joint motion for voluntary departure." *Id.* (citing *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (B.I.A. 2022) (stating the BIA generally considers "an objection to a noncompliant notice to appear to be timely if it is raised prior to the closing of pleadings before the Immigration Judge")). The IJ also ruled reopening sua sponte was not warranted, observing Mr. Lopez-Vega could have sought relief based on *Niz-Chavez* earlier, but "[i]nstead, he chose to request voluntary departure and chose to overstay the time he requested and was granted to depart." *Id.* And, the IJ ruled his argument under *Niz-Chavez* lacked merit. *Id.*

Mr. Lopez-Vega appealed to the BIA. The BIA set an initial deadline of December 7, 2022, for his appeal brief, then granted his lawyer's request to extend that deadline to December 28, 2022. His lawyer did not file a brief by that date. But five months later, on May 26, 2023, he filed a brief accompanied with a motion to accept the late filing. In support, the motion explained one of the two lawyers in their firm had suffered the death of his father in May 2022, then received a multiple sclerosis diagnosis in August 2022.

On April 29, 2024, the BIA denied Mr. Lopez-Vega's motion to accept his late-filed brief and adopted and affirmed the IJ's decision on the merits. The

4

BIA agreed with the IJ (1) under *Martinez-Perez*, the lack of a date and time in the original NTA did not deprive the Immigration Court of jurisdiction; (2) Mr. Lopez-Vega's objection to the NTA was untimely; and (3) sua sponte reopening was unwarranted. This timely petition followed.

## II. Standard of Review

Our review is of the BIA's final order, which was issued by a single judge, but we may also consider the IJ's ruling because the BIA adopted its reasoning. *See Miguel-Peña v. Garland*, 94 F.4th 1145, 1153 (10th Cir.), *cert. denied*, 145 S. Ct. 545 (2024). "We review BIA decisions on motions to reopen and motions to reconsider for an abuse of discretion." *Berdiev v. Garland*, 13 F.4th 1125, 1130 (10th Cir. 2021). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 1030–31 (quoting *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017)). "Committing a legal error . . . is necessarily an abuse of discretion." *Id.* at 1131 (brackets and internal quotation marks omitted). "Motions to reopen are plainly disfavored," and Mr. Lopez-Vega "bears a heavy burden to show the BIA abused its discretion." *Id.* (internal quotation marks omitted).

## III. Discussion

The BIA provided a rational and legally sound explanation for its denial of Mr. Lopez-Vega's motion to reopen that was consistent with its established policies. Because we discern no error, we deny Mr. Lopez-Vega's petition.

**A.**

Mr. Lopez-Vega's principal argument is the BIA should have granted reopening because *Niz-Chavez* and related cases, including *Estrada-Cardona v. Garland*, 44 F.4th 1275, 1282 (10th Cir. 2022), constituted "changed circumstances" or changes in the law offering a "a new avenue of relief" that was "not previously available" to him. Pet'r's Opening Br. at 11. He argues the omission of the date and time for his hearing in the 2013 NTA deprived the Immigration Court of jurisdiction so that it lacked authority to order his removal, and that the BIA therefore erred by not reopening the proceedings to terminate them and withdraw the order of removal.

But, as the IJ and BIA both correctly recognized, Mr. Lopez-Vega's argument is contrary to our controlling decision in *Martinez-Perez*. In that case, we held "the requirements relating to notices to appear are non-jurisdictional, claim-processing rules." 947 F.3d at 1278. So, as was also true in *Martinez-Perez*, "[w]hile [Mr. Lopez-Vega's] notice to appear was defective, that did not divest the Immigration Court of jurisdiction." *Id.* at 1279. Although Mr. Lopez-Vega argues against this conclusion, the IJ and the BIA were bound to follow *Martinez-Perez. See Matter of U. Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012) (stating the BIA will "apply the law of the circuit in cases arising in that jurisdiction"). The BIA therefore did not commit legal error or abuse its discretion in denying reopening.

**B.**

Treating the lack of a date and time in the NTA as a claims-processing issue rather than a jurisdictional defect, we still affirm the BIA's decision.

6

First, we see no error in the BIA's conclusion that *Niz-Chavez* did not present new circumstances or a change in law that warranted reopening. *Niz-Chavez* was decided in April 2021, almost a year before Mr. Lopez-Vega withdrew his application. He has not offered any reason he could not have objected to defects in the NTA while his removal proceedings remained open, either before or after *Niz-Chavez* was decided. Although Mr. Lopez-Vega's petition to this court now argues the relevant changes in the law were not "finally determined" until August 2022, when this court decided *Estrada-Cardona*, Pet'r's Opening Br. at 11, neither his motion to reopen nor his untimely brief to the BIA cited *Estrada-Cardona*. Because he made no argument based on *Estrada-Cardona* to the BIA, it did not abuse its discretion by not reopening proceedings on that basis. *Cf. United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022) ("[W]e evaluate the district court's exercise of discretion based on the information presented at the time of the ruling.").

Second, the BIA did not abuse its discretion by concluding Mr. Lopez-Vega's objection to the NTA was untimely and therefore waived. The BIA has held that an applicant who first raises an objection to the contents of the NTA in a motion to reopen has "waited too long to raise [the] issue" and thereby "forfeited his objection." *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (B.I.A. 2022); *see also Matter of Fernandes*, 28 I. & N. Dec. at 610–11. Under those standards, Mr. Lopez-Vega's objection was untimely. His petition argues *Matter of Fernandes* is "flawed and distinguishable," but the BIA had to follow its own precedential decision. *See* 8 C.F.R. § 1003.1(g)(2). Mr. Lopez-Vega relatedly argues his untimeliness was

7

excusable under *Ortiz-Santiago v. Barr*, 924 F.3d 956, 965 (7th Cir. 2019). But the BIA has expressly disagreed with *Ortiz-Santiago* and rejected its application outside of the Seventh Circuit. *See Matter of Nchifor*, 28 I. & N. Dec. at 588–89. It therefore provided a rational explanation consistent with its established policies for finding Mr. Lopez-Vega's objection to the NTA untimely.

## C.

Mr. Lopez-Vega also challenges the BIA's denial of sua sponte reopening. "[T]his court generally lacks jurisdiction to review a BIA decision as to whether to reopen sua sponte, because there are no standards by which to judge the agency's exercise of discretion." *Berdiev*, 13 F.4th at 1130 (internal quotation marks omitted). "We may, however, remand where the BIA bases its discretionary decision on an incorrect legal premise." *Id.*

Mr. Lopez-Vega argues we should remand because we cannot determine from the BIA's brief order whether its denial of sua sponte reopening was based on an erroneous view of the law. *See* Pet'r's Opening Br. at 21. We disagree. As explained, in this case, we may consult the BIA's order and also the IJ's reasoning that it adopted. *See Miguel-Peña*, 94 F.4th at 1153. Doing so, we conclude the rulings by the IJ and the BIA correctly determined the omissions in the NTA were not a jurisdictional defect and Mr. Lopez-Vega's objections to the NTA were untimely. Because there was no error in the BIA's denial of sua sponte reopening, we lack jurisdiction to review it. *See Berdiev*, 13 F.4th at 1130–31.

**D.**

Finally we see neither an abuse of discretion nor a denial of due process in the BIA's decision not to accept Mr. Lopez-Vega's late-filed brief.

As Mr. Lopez-Vega acknowledges, the BIA's decision whether to accept a late-filed brief is discretionary. *See* 8 C.F.R. § 1003.3(c)(1) ("In its discretion, the Board may consider a brief that has been filed out of time.").[1]  While we are sympathetic to his lawyers' circumstances, neither due process nor the doctrine of equitable tolling[2] required the BIA to accept the brief he filed some five months late. This was particularly true because Mr. Lopez-Vega only filed the motion to accept late filing long after the once-extended deadline had already passed, and because the motion was based on circumstances that had arisen before the original deadline. Although he argues he is personally blameless for his lawyer's late filing, he is nevertheless bound by his lawyer's actions taken on his behalf. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92 (1990) ("Under our system of representative

---

[1] Under § 1252(a)(2)(B)(ii), we lack jurisdiction to review decisions that are "specified under" subchapter II of the Immigration and Nationality Act "to be in the discretion of the Attorney General." However, "decisions made discretionary by regulation do not come within that statutory bar and are reviewable." *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) (citing *Kucana v. Holder*, 558 U.S. 233, 237 (2010)). Although the decision whether to accept a late-filed brief is discretionary, it is governed by regulation rather than statute, so we review it for an abuse of discretion.

[2] Mr. Lopez-Vega has not explicitly argued for equitable tolling, but he cites equitable-tolling cases related to a party's diligence in attempting to meet a deadline.

litigation, 'each party is deemed bound by the acts of his lawyer-agent . . . .'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962))).

Finally, Mr. Lopez-Vega cannot prevail on a due process claim. The late-filed brief raised the same arguments, premised on omissions in the NTA, that the BIA rejected on the merits and that we have now also rejected. He therefore cannot prevail on a due process claim, even if the BIA had somehow denied him an opportunity to be heard (which it did not). *See Matumona v. Barr*, 945 F.3d 1294, 1308 (10th Cir. 2019) ("To prevail on a due-process challenge, the petitioner must show prejudicial error.").

### IV. Conclusion

Mr. Lopez-Vega's Petition for review is denied.

Entered for the Court


Veronica S. Rossman
Circuit Judge

10