**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE SIMEZA, | No. 23-2962 |
| Petitioner, | Agency No. A098-609-578 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Lawrence Simeza, a native and citizen of Zambia, petitions for review of a decision of the Board of Immigration Appeals denying his motion to reopen his immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2011, Simeza received a Notice to Appear (NTA) in immigration proceedings. He conceded removability but sought adjustment of status and cancellation of removal. The immigration judge denied both forms of relief. Simeza appealed, and the Board dismissed his appeal. Simeza did not petition for review but instead filed a motion to reopen. Relying on *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), Simeza argued that the immigration court lacked jurisdiction over his immigration proceedings because his NTA was defective. He also argued that the defective NTA violated 8 U.S.C. § 1229(a)(1). The Board denied reopening, holding that the jurisdictional objection was foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), and that Simeza forfeited his statutory objection by waiting until reopening to raise that issue.

1. Simeza argues that *Bastide-Hernandez* was wrongly decided and that, contrary to the holding of that case, the defects in his NTA deprived the immigration court of jurisdiction over the proceedings against him. But "a published decision of this court constitutes binding authority which 'must be followed unless and until overruled by a body competent to do so.'" *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001)), *aff'd*, *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013). The Board correctly held, based on

*Bastide-Hernandez*, 39 F.4th at 1190–94, that omissions from Simeza's NTA did not affect the immigration court's jurisdiction.

2. We reject Simeza's challenges to the Board's determination that he forfeited his statutory objection to the NTA. Simeza contends that he "raised the objection at the first available moment once the relevant law changed," but that is incorrect. Simeza's appeal was still pending before the Board when *Pereira* and *Niz-Chavez* were decided, and Simeza could have sought to file a supplemental brief to bring those cases before the Board. *See Theagene v. Gonzales*, 411 F.3d 1107, 1113 (9th Cir. 2005). Because Simeza could have raised his statutory challenge to his NTA during his appeal, he forfeited the argument by presenting it to the Board for the first time on reopening. *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (B.I.A. 2022).

Simeza now contends that the Board should have addressed equitable factors when it ruled on forfeiture, but his reopening motion did not address equitable considerations. We agree with the government that Simeza failed to exhaust his equitable argument, so we may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion requirement of section 1252(d)(1) is "mandatory" if a party "properly raises it" (citations omitted)).

The motion for a stay of removal (Dkt. No. 2) is denied.

23-2962

**PETITION DENIED.**